VIRGINIA HAYUNGS, Administratrix, Appellant, v. CONRAD FALK, Appellee.

HARRY BARTH, Appellant, v. CONRAD FALK, Appellee.

No. 46936.

April 9, 1947.

 

Carl F. Conway, of Osage, James H. Graven, of Greene, and R. W. Zastrow, of Charles City, for appellants.

W. G. Henke, of Charles City, and John A. Senneff, of Mason City, for appellee.

WENNERSTRUM, C. J.—Plaintiff, the administratrix of the estate of Arthur Hayungs, deceased, brought an action against the defendant, Conrad Falk, claiming negligence by him which resulted in a truck-automobile collision and the wrongful death of her husband. Harry Barth, the owner of the truck involved, sought recovery against the defendant for damages to the truck. Falk counterclaimed in both actions and the court, upon motion, consolidated the two cases. Upon submission of the case to the jury plaintiffs' claims and defendant's counterclaim were disallowed and a verdict was returned in favor of the defendant, Falk. Judgment was thereafter entered against the plaintiffs for costs. The respective parties, plaintiffs and defendant, filed motions for a new trial, which were overruled. The plaintiffs and the defendant have appealed. The plaintiffs filed their notice of appeal first and will be hereinafter referred to as the appellants and Falk will be referred to as the appellee.

The accident occurred about 1:15 a.m. on May 25, 1945, on Highway No. 9, in Mitchell County, Iowa, at a point approximately one and one-half miles east of Osage. This highway is paved, with two lanes, and marked with a line in the center. The record, which we shall summarize, discloses the following facts:

About midnight of May 24, 1945, Arthur J. Hayungs, who died as a result of the accident, and Roy Krambeer, left Greene, Iowa, en route to Minneapolis, as the drivers of two trucks owned by Harry Barth. The Krambeer truck proceeded ahead

of the Hayungs truck. The two trucks were proceeding in a westerly direction. The Hayungs truck became stalled in the right traffic lane of the pavement at the point where the accident later occurred. Krambeer observed that Hayungs was not following him and stopped at an intersection east of Osage for the purpose of waiting for the Hayungs truck to catch up with him. Krambeer remained at this intersection some three or four minutes, during which time two cars passed him. A third car stopped and informed Krambeer that the driver of the second truck wanted a fire extinguisher. Krambeer turned around and returned to where the Hayungs truck was stalled. He gave Hayungs a fire extinguisher and two fusees. The fire extinguisher was used in an effort to start the truck by drying out the motor. Krambeer then proceeded to an intersection beyond where the truck was stalled, again turned around and drove back and parked in front of it, and then backed his truck in close to the one Hayungs had been driving. About this time Hayungs handed Krambeer the fire extinguisher and told him that it would not dry out the motor. Hayungs, having obtained a rope, was tying it apparently to his truck, while Krambeer was moving his truck closer in front of the stalled one so it could be towed. It is further shown that for a brief period of time Krambeer was out of his own truck and he stated that as he walked along the Hayungs truck he could see that one of the fusees was sticking out over the traffic line. He stated that Hayungs had put them in the back end of the truck and they were both lighted when he came back. Krambeer stated that there was a burning light on either corner on the back of the Hayungs truck and three across the middle in a kind of cluster set back in the frame of a box. The record further discloses that at or about the time Krambeer was out of the truck he heard the roaring of a motor and he testified that he said to Hayungs, ''We had better get out of here.'' He also testified that he jumped and ran out of the way. His testimony also discloses that it was at that time the crash occurred and when he looked to see where Mr. Hayungs was he observed that he was standing up pinned in between the two trucks. He further testified that he then moved his

truck ahead in order to get Hayungs out, and that on moving it Hayungs slipped down on the bumper. The Falk automobile, also traveling west on the right-hand side of the pavement, had crashed into the rear of the Hayungs truck and had driven it ahead so that Hayungs was crushed between the two trucks. It had been raining prior to the accident and the dirt shoulders of the highway were soft and muddy.

Krambeer also testified that there were no flares set out, although the Hayungs truck was equipped with them. Krambeer was asked on cross-examination how long it takes to put out flares, and replied, "possibly three or four minutes, maybe five." He further testified that the time that expired after he passed the truck on returning to it and in proceeding to turn around and place his truck where he could assist Hayungs would be about ten minutes. Krambeer also testified that the fusees he gave to Hayungs had a spike on one end and that they were stuck into the wood of the truck. He said one was placed at the rear, the other at the southeast corner in back of the truck, and that it stuck out over the traffic line. It was further testified by Krambeer that on his returning the second time to the Hayungs truck about one half of the burning life of the fusee was left. The record discloses that at and prior to the time of the accident it was raining. It is also shown that the Falk car was driven underneath the Hayungs truck to the extent that it was clear up to the windshield. The windshield was bent back and the door was jammed on the right side.

The verdict returned by the jury was a general one for the appellee; consequently, all claimed errors which have been preserved and argued must be considered in connection with the respective appeals of the parties. We shall first give consideration to the claimed errors upon which plaintiffs-appellants contend there is justification for a reversal.

I. It is claimed that the trial court erred in giving the instruction it did regarding the placing of lighted fusees and flares. Section 5034.57, 1939 Code, is, in part, as follows:

"Whenever a motor truck is stopped upon or immediately adjacent to the main traveled portion of a highway outside of a business or residence district, during the times when lighted

lamps must be displayed, then the driver or other person in charge of such vehicle shall * * * cause a lighted fusee to be immediately placed on the roadway at the traffic side of such vehicle; as soon thereafter as possible, and in any case within the burning period of the fusee, three lighted flares shall be placed on the roadway * * *.''

The instruction given by the court, in part, stated:

''The undisputed record in this case shows that Arthur J. Hayungs violated this Statute in that neither he nor anyone else put a lighted fusee on the roadway and although the said Hayungs had ample time to place the flares as provided by Statute, failed so to do and by reason of such failure he was guilty of negligence as a matter of law, and you are told that if such negligence contributed in any degree or in any way to the accident in question, neither of the plaintiffs can recover herein and in that case your verdict must be for the defendant.''

The statute previously quoted, with some changes not material here, now appears as section 321.448, 1946 Code.

The record in this case shows that the fusees were stuck into the rear of the truck and that one of them protruded out over the traffic line. Appellants argue that placing the fusees on the truck was a compliance with the statute which requires them to be placed on the roadway. Section 5000.01(47), 1939 Code, section 321.1(50), 1946 Code, defines ''roadway'' as ''that portion of a highway improved, designed, or ordinarily used for vehicular travel.'' Where the highway is paved, only the paved portion would seem to fall within our statutory definition of ''roadway.''

We are unable to accept the appellants' argument. There is no evidence that the fusee could not be placed on the roadway as the statute required. We think, therefore, it was proper for the court to instruct the jury that Hayungs violated the statute in not placing fusees on the roadway and in this respect was negligent. It was also proper for the court to permit the jury to determine whether such negligence contributed to the collision.

The court instructed there were no flares placed as pro-

vided by statute and that by reason thereof Hayungs was guilty of negligence as a matter of law and that if such negligence contributed in any degree or in any way to the accident neither of the appellants could recover. The statute provides that three lighted flares should be placed on the roadway ''as soon thereafter as possible, and in any case within the burning period of the fusee * * *.'' There is no dispute that flares were not placed. There is evidence that the fusees placed on the truck would burn for approximately fifteen minutes and it is further shown that they had burned about halfway down at the time of the collision. The driver of the truck who had the duty of placing flares was killed and could not testify as to what difficulties may have arisen to justify the delay. We hold that the jury should have been given the privilege of passing upon the question as to whether the time contemplated by statute for placing the flares had expired at the time the collision occurred. The very use of the words ''as soon thereafter as possible'' indicates that the legislature contemplated there might be circumstances which would prevent the flares being put out immediately. It is our conclusion that the court erred in instructing that Hayungs was guilty of negligence as a matter of law because of the failure to place the flares as provided by statute. The jury should have been permitted to pass upon the question whether Hayungs failed to place the flares ''as soon thereafter as possible'' and whether there were any circumstances that justified the delay.

The Iowa statute as to the placing of flares has not been before this court many times. In Engle v. Nelson, 220 Iowa 771, 775, 776, 263 N. W. 505, we discussed whether there was necessity for compliance with the statute under the circumstances shown. In Johnson v. Overland Transp. Co., 227 Iowa 487, 495, 288 N. W. 601, we again commented upon this statute and held it was a question for the jury to pass upon whether there were conditions present which would excuse compliance with the statute.

In the following cases it was held that a jury question was presented where flares were not put out: Brickell v. Boston & Maine Transp. Co., 93 N. H. 140, 36 A. 2d 622, 623; Petersen

v. Lang Transp. Co., 32 Cal. App. 2d 462, 90 P. 2d 94, 96, 97; Twa v. Northland Greyhound Lines, 201 Minn. 234, 275 N. W. 846, 848; Grantham v. Watson Bros. Transp. Co., 142 Neb. 362, 6 N. W. 2d 372, 375; Bailey v. Walker, Tex. Civ. App., 163 S. W. 2d 864, 867. In the case of Gleason v. Baack, 137 Neb. 272, 277, 289 N. W. 349, 353, it was stated that "immediately" should be construed in connection with the attendant circumstances. See, also, Harsha v. Bowles, 314 Mass. 738, 51 N. E. 2d 454, 455; Gaber v. Weinberg, 324 Pa. 385, 188 A. 187, 189.

In the following cases it was held that failure to put out flares constituted negligence as a matter of law, to wit: Bornemann v. Lusha, 221 Wis. 359, 266 N. W. 789; Gerlot v. Swartz, 212 Ind. 292, 7 N. E. 2d 960; Walters v. Rowls, 105 Ind. App. 632, 16 N. E. 2d 969, 972; Newton v. Pacific Highway Transport Co., 18 Wash. 2d 507, 139 P. 2d 725, 727; Inter-City Trucking Co. v. Daniels, 181 Tenn. 126, 178 S. W. 2d 756, 757; Duncan v. Madrid, 44 N. M. 249, 101 P. 2d 382, 384.

We are therefore constrained to hold, by reason of our previous decisions and what appears to us as persuasive authorities, that the instruction as given by the trial court was erroneous.

■ II. The appellants attack an instruction which reads as follows:

"The evidence shows without dispute that the defendant was not under the influence of liquor at the time of the accident."

The record shows that Falk, the defendant-appellee, attended a dance the night of May 24th. He bought one quart bottle of whisky and one quart bottle of brandy at a liquor store that evening; that he drank liquor that night; that he had a glass of beer at Osage after purchasing the liquor; that he opened the whisky bottle and had one drink of whisky spiked in 7-Up about 10 o'clock in the evening. He drank a bottle of 7-Up again around midnight. It is further shown that after the accident one quart bottle of whisky which was about three-fourths empty was found in the Falk automobile and that an unopened

bottle of brandy was found in the Falk car after the wreck. The deputy sheriff testified that he smelled liquor on Falk's breath. A sample of blood was taken from the appellee about 4 o'clock in the morning following the accident and this sample showed an alcoholic content of 35 mg. The accident occurred at 1:15 a.m.

Even if Falk was not under the influence of liquor at the time of the collision, it was error to give the last-referred-to instruction without also pointing out to the jury it should consider, along with all the evidence, that which bore on Falk's use of liquor on the night of the accident. It was improper for the court to single out and emphasize evidence that Falk was not under the influence of liquor without telling the jury to consider the evidence as to his use of liquor. The rule is applicable "that where an instruction does set out testimony on a particular question that is favorable to one party it is reversible error not to set out testimony on that question which is unfavorable to that party." State v. Dunne, 234 Iowa 1185, 1194, 1195, 15 N. W. 2d 296, 301, and authorities cited. See, also, 53 Am. Jur. 448, section 567. Appellants' exceptions to this instruction fairly raise this point.

III. During the cross-examination of Mrs. Virginia Hayungs, the wife of the decedent, the following record was made:

"Q. Do you mean to say that you received no pay because of your husband's death? A. I get insurance—Mr. Zastrow: Just a minute. Mr. Senneff: You opened the question. You get compensation insurance don't you? Mr. Zastrow: That is objected to as incompetent, irrelevant and immaterial, I asked if this cause of action had been paid. The Court: Overruled. Exceptions. Mr. Senneff: You get compensation insurance, don't you? Mr. Zastrow: Answer it. A. Yes."

Appellee attempts to justify his cross-examination as to workmen's-compensation payments by the following testimony of Mrs. Hayungs upon her direct examination:

"Q. As administratrix of his estate, are you the owner of this claim? A. Yes. Q. Has it ever been paid? A. No it hasn't."

Appellee's counsel do not contend the cross-examination as to workmen's-compensation payments would be proper if it were not for the foregoing direct examination. It does not seem the direct examination opened the door for the questions propounded on cross-examination. There was no issue as to workmen's-compensation payments; they had nothing to do with the case; the second of the above-quoted questions asked on direct examination fairly referred only to the claim then on trial against the appellee, Falk, and not to any claim for workmen's compensation against Hayungs' employer.

The question is therefore presented whether the trial court erred in overruling the objection made on behalf of the appellants. We hold that it did. In the case of Cawley v. Peoples Gas & Electric Co., 193 Iowa 536, 549, 187 N. W. 591, there was evidence admitted as to an award under workmen's compensation. This court, in passing upon this question, held that any evidence of the amount of the award received by virtue of the Workmen's Compensation Act was not a proper matter for consideration by the jury.

IV. Another claimed error of the appellants was that the trial court erred in the striking of the following answer: "Well it sounded like a car or something coming at a high rate of speed." Krambeer was endeavoring to testify that the sound he heard was that of a motor vehicle running at a high rate of speed. We hold it was error for the court to strike this testimony.

In the case of Van Horn v. B., C. R. & N. Ry. Co., 59 Iowa 33, 34, 12 N. W. 752, this court approved testimony of witnesses who gave their opinion as to the speed of a train based upon the sound of the train which the witnesses heard. We there said:

"Small differences in the speed of moving trains cannot probably be determined by the sound, but we think that the difference between the speed of a slowly moving and of a rapidly moving train, could be distinguished quite easily from the sound by a person in the immediate vicinity. The evidence, we think, was not inadmissible. Such evidence, we think, could not, under

all circumstances, be deemed wholly unreliable. What weight the evidence in question was entitled to, under the circumstances shown, it was for the jury to determine.''

See, also, Lane v. Varlamos, 213 Iowa 795, 239 N. W. 689·; annotation 156 A. L. R. 387; Smith v. Doyle, 69 App. D. C. 60, 98 F. 2d 341, 342.

■ V. The appellants also claim error on the part of the court in giving the instruction which told the jury that the fact that the other cars had passed the truck while it was disabled and did not run into it did not establish any negligence on the part of the appellee. We see no reason for ·the giving of the instruction in question and are not to be understood as approving it. However, we do not hold it reversible error.

■ VI. It is a further claimed error on the part of the appellants that the trial court erroneously permitted the appellee to testify he would have seen the flares if they had been set out. This was objected to as calling for an opinion and conclusion of the witness and incompetent. This objection was overruled. It is our holding that the answer given by the defendant-appellee was a conclusion. We hold it was error to overrule the objection to this question.

There are other objections to the manner of cross-examination of certain witnesses but we conclude they are not of a nature that they will probably arise on the retrial of this case and we will not comment on them.

■ VII. The appellee on his cross-appeal maintains that he was entitled to a directed verdict because Hayungs failed to comply with the statute by putting fusees on the roadway and setting out flares; and also because he made no attempt to move the stalled truck off the pavement, as required by sections 321.354, 321.355, Code of 1946. It is argued it would have been an easy matter to move the truck off the pavement with the aid of a companion truck.

· The· appellee maintains, and properly, that if he was entitled to a directed verdict any errors of which appellants complain would be without prejudice to them.

We hold that under the entire record the trial court would

not have been justified in directing a verdict for the appellee. It was for the jury to pass upon the questions whether Hayungs was guilty of contributory negligence in failing to set out flares and whether placing the fusees on the truck, rather than on the roadway as required by statute, contributed to the collision. Under the circumstances shown, it was for the jury to say whether sections 321.354, 321.355, Code of 1946 (with reference to moving stopped and disabled vehicles off the highway), were violated.

The appellee, Falk, filed a. motion for new trial upon his counterclaim alone. He complains of the overruling of this motion. Basis for his argument is that he was entitled to a directed verdict. Since we have held to the contrary, we also hold it was not error to overrule his motion for new trial on his counterclaim alone.

▇ VIII. Inasmuch as our foregoing comments disclose the necessity for a reversal and a remand for a new trial, we deem it advisable to comment on the manner of procedure on resubmission to the trial court. The verdict as returned by the jury was a general one for the appellee. There is nothing in this verdict to indicate what matters were specifically passed upon by the jury. Consequently we hold that on retrial the issues as presented by the petitions and counterclaims should be considered insofar as supported by the evidence. The following authorities justify this procedure: 39 Am. Jur. 46, 47, section 22; 5 C. J. S. 1448, 1451, section 1935; Keller v. Gartin, 220 Iowa 78, 85, 86, 261 N. W. 776; Drury v. Franke, 247 Ky. 758, 57 S. W. 2d 969, 985, 986, 88 A. L. R. 917; Cramer v. Bock, 21 Wash. 2d 13, 149 P. 2d 525, 528.

By reason of the foregoing we hold that there should be a reversal on appellants' appeal and an affirmance on appellee's cross-appeal.—Affirmed on appellee's cross-appeal; reversed on appellants' appeal and remanded.

OLIVER, HALE, GARFIELD, SMITH, MANTZ, MULRONEY, and HAYS, JJ., concur.

BLISS, J., takes no part.