## 17989

The STATE, Appellant, v. J. Ralph GASQUE, Respondent
(128 S. E. (2d) 154)

Messrs. Daniel R. McLeod, Attorney General, J. C. Coleman, Jr., Assistant Attorney General, and John W. Foard, Jr., Assistant Solicitor, of Columbia, for Appellant,

Messrs. Frank L. Taylor and Kermit S. King, of Columbia, for Respondent

November 9, 1962.

Moss, Justice.

J. Ralph Gasque, the respondent herein, was indicted by the Grand Jury of Richland County at the 1962 April Term of the Court of General Sessions, and charged in separate indictments, with willfully, unlawfully and feloniously filing with the South Carolina Tax Commission false income tax returns for the years 1956 and 1957. Each of said indictments charged the respondent with attempting to evade paying the correct amount of income taxes actually due for said years by understating the amount of his true gross income. Each of said indictments details the amount of gross income reported and the amount of gross income actually received by the said respondent for said years.

The State and the respondent entered into a stipulation of facts. It was agreed that the respondent was a resident and a practicing attorney in the County of Marion, South Carolina; that the income referred to in said indictments was earned and received by him in Marion County; that the income tax returns referred to were prepared, made, signed and delivered in Marion County, not in Richland County, to an agent of the South Carolina Tax Commission, and that the agent filed the returns in Columbia, South Carolina.

The respondent moved to quash the two indictments upon the ground that he was a resident of Marion County, South Carolina, and not of Richland County; and that the offenses charged in said indictments, if any, were committed in Marion County and not in Richland County; and that he was entitled to be tried upon the alleged charges in Marion County and not in Richland County, as is provided for in the Constitution of this State. The trial Judge sustained the motion of the respondent and quashed the indictments. The Sate appealed.

The appellant asserts that the trial Judge erred in holding that Richland County Court of General Sessions did not have jurisdiction of the offenses charged, the error being

that the filing of the false tax returns with the South Carolina Tax Commission in Columbia constituted at least a partial commission of the alleged crimes in Richland County.

It is conceded that the respondent was indicted for the violation of that portion of Section 65-364 of the Code which makes it a misdemeanor to "make, render, sign or verify any false or fraudulent return or statement or shall supply any false or fraudulent information." In the 1960 supplement to the Code, Section 65-364, with certain deletions not here pertinent appears as Section 65-361.4.

The 1895 Constitution of this State, in Article VI, Section 2, provides: "Unless a change of venue be had under the provisions of this Article the defendant shall be tried in the County where the offense was committed, * * *"; and Article I, Section 17, of the Constitution, provides: "No person shall be held to answer for any crime where the punishment exceeds a fine of one hundred dollars or imprisonment for thirty days, * * * unless on a presentment or indictment of a grand jury of the County where the crime shall have been committed, * * *."

The two constitutional provisions above quoted establish the common law rule in this State that criminal prosecutions shall be tried in the county in which the offense was committed.

In the case of *State v. McCoy*, 98 S. C. 133, 82 S. E. 280, it was held that under Article I, Section 17 of the Constitution, providing that no person shall be held to answer for a crime except in the county where the crime shall have been committed, the right of a party to be tried in a county where the crime was committted is jurisdictional and, hence, McCoy could not be lawfully convicted in Lee County for selling a mortgaged mule in Chesterfield County.

Some crimes are of such a nature that they may be committed partly in one county and partly in another. When an offense is committed partly in one county and partly in another, that is, where some acts material and

essential to the offense and requisite to its consummation occur in one county and some in the other, the accused may be tried in either. However, this rule has no application when the offense is complete in one county. The appellant asserts that the offenses charged against the respondent were partly committed in Richland County because of the filing of the false tax returns in the office of the Commission in Richland County. The question to be answered is whether the offenses charged were committed partly in Richland County because of the filing of the false tax returns with the Commission.

Section 65-61 of the Code provides that "The Commission shall keep its office at the Capital"; and Section 65-303 of the Code requires that income tax returns of taxpayers "shall be filed with the Commission". The State argues that by reason of the foregoing statutory provisions that it was the clear intent of the legislature to place the duty upon the taxpayer of filing a true return of his income with the Commission at its offices at the Capital, which is in Richland County, by whatever means he chooses. It is then contended that if such income tax return required to be so filed contains false or fradulent information, that such is in violation of Section 65-364 of the Code, and the offense of violating said section is partly committed in Richland County where the return is filed. We do not think this position sound because Section 65-303 of the Code provides only that the income tax return shall be filed with the Commission, but this statute does not make it mandatory that an income tax return shall be filed in the Capital. Section 65-62 provides that the Commission may transact business "at any place other than the Capital in the performance of its duties", and Section 65-59 gives the Commission authority to employ "such other persons as experts and assistants as may by it be deemed necessary to perform the duties that may be required of the Commission." It thus appears that the Tax Commission is not limited in the transaction of its business to the Capital or Richland County but may transact business at any place other than the Capital.

Our attention is directed to Section 65-366 of the Code which provides that "the failure to do any act required by or under the provisions of this chapter shall be deemed an act committed in part in the office of the Commission in Columbia." The State argues the applicability of this statute to the factual situation here involved. It should be noted that Section 65-364 of the Code makes it a misdemeanor for any person who "shall fail to pay any tax, to make, sign or verify any return or to supply any information required by or under the provisions" of the particular chapter in which this section is included. Applying Section 65-366 to Section 65-364, under which the respondent was indicted, it appears to us that "the failure to do any act required" has reference to an omission or the nonperformance of something due or required to be done and the said section does not apply to affirmative acts or acts of commission. In the case of *United States v. Heikkinen,* 7 Cir., 240 F. (2d) 94, failure is defined as an omission to perform a duty or appointed function. In *Standard Oil Company of Indiana v. United States,* 7 Cir., 164 F. 376, it was held that "failure" covers both intentional and unintentional nonperformance.

The word "failure" as it is used in Section 65-366 of the Code was intended to encompass acts of omission only, the failure to act at all, such as the failure to file an income tax return. The filing of a fraudulent return is an affirmative act of commission, not an act of omission, which can only take place when and where the act is complete and consummated. The two indictments do not charge a failure to file returns which is an offense and is an act of omission, but the respondent has been indicted for the making, rendering and signing of false fraudulent returns, an affirmative act of commission, which, in our opinion, is not within the language of Section 65-366 of the Code.

If, however, we construe Section 65-366 of the Code as including affirmative acts of commission, then we must con-

sider the question of where the affirmative acts constituting the offenses were committed, and if such were committed in Marion County, then Article VI, Section 2 of the 1895 Constitution of this State becomes applicable, "the defendant shall be tried in the County where the offense was committed." The income tax returns of the respondent, under the agreed statement of facts, were prepared, made and signed in Marion County and these returns were delivered to an agent of the Commission in Marion County. Was this a filing with the Commission? In the sense of a statute requiring the filing of a paper or document, it is filed when delivered to and received by the proper officer to be kept on file. *Fox v. Union-Buffalo Mills et al.,* 226 S. C. 561, 86 S. E. (2d) 253. The stipulation of facts reveals that the income tax returns of the respondent were delivered to an agent of the South Carolina Tax Commission in Marion County. There is no showing that he did not have authority to receive such returns. The moment the agent of the Commission received the income tax returns of the respondent, he was transacting the business of the Commission and there was a consummation of the alleged offenses since the Commission then had knowledge of the contents of said returns and control of same.

The State contends that the filing of the allegedly false tax returns with the Commission in Columbia constituted at least a partial commission of the alleged crimes in Richland County. We do not think that Section 65-303 of the Code requires that an income tax return be delivered to an individual member of the Commission, but a delivery may be to an authorized agent of the Commision. When the respondent delivered his income tax returns to an agent of the Commission in Marion County, the returns were delivered to and received by a proper officer of the Commission who was transacting business in Marion County for it. When the income tax returns were so delivered, they were filed with the Commission. Here, every act of the respondent necessary to commit the crimes with which he is charged was done in

Marion County. In the case of *Travis v. United States,* 364 U. S. 631, 81 S. Ct. 358, 5 L. Ed. (2d) 340, it was said: "The locus delicti must be determined from the nature of the crime alleged and the location of the act or acts constituting it." Every act with which the respondent is charged as constituting a violation of Section 65-364 of the Code took place in Marion County. Having reached this conclusion, we think that the trial Judge properly quashed the indictments in this case. The respondent is subject to indictment in Marion County.

The exception of the appellant is overruled and the judgment of the lower Court is affirmed.

Affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.