621 P.2d 517

Steven MOORE, Plaintiff-Appellant,

v.

STATE of New Mexico, New Mexico State Highway Department and City of Albuquerque, Defendants-Appellees.

No. 4774.

Court of Appeals of New Mexico.

Nov. 26, 1980.

Hayt, Hayt & Landau, Lawrence P. Zamzok, Albuquerque, for plaintiff-appellant.

Shaffer, Butt, Thornton & Baehr, P. C., Deborah S. Davis, Albuquerque, Attorneys for defendants-appellees State of New Mexico and New Mexico State Highway Department.

Deborah Slade, Asst. City Atty., Albuquerque, for defendant-appellee City of Albuquerque.

## OPINION

SUTIN, Judge.

Plaintiff appeals a summary judgment rendered in favor of defendants. The trial court found that "The defendants herein are immune from liability under Section 41–4–11(B) N.M.S.A.1978, and defendants are, therefore, entitled to Judgment as a matter of law." We reverse.

On July 18, 1979, at 9:30 a. m., plaintiff, while riding his motorcycle, was forced off the roadway of East Frontage Road in Albuquerque by a mystery car, resulting in a fall approximately 10½ feet from the road surface into a concrete arroyo which ran under the roadway at that location. The East Frontage Road was a New Mexico state highway and was maintained by the New Mexico State Highway Department (Department) and the City of Albuquerque (City). The portion of the road located over the arroyo was unguarded.

The City and the Department entered into a Memorandum Agreement with reference to widening the East Frontage Road of Interstate 25 from the intersection of San Mateo Boulevard north for approximately 700 feet and to alter the channelization island between the frontage road and the northbound Interstate 25 on ramp to allow two lanes of thru traffic on San Mateo Boulevard. To cooperate in completing this construction project and to divide the work necessary, the City and the Department, among other provisions, agreed that:

1.b. The City shall provide at no cost to the Department all necessary guardrail material.

\* \* \* \* \* \*

2.b. The Department shall perform all work necessary to install the guardrails as required in the project.

What guardrail might be required in this project is unknown. We assume this requirement would be determined after the completion of this project.

This case is governed by the "Tort Claims Act," § 41–4–1 et seq., N.M.S.A. 1978. The legislature declared the public policy of New Mexico to be "that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act and in accordance with the principles established in that act." Section 41–4–2(A).

Section 41–4–4(A) reads:

A governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort *except as waived* by Sections 41–4–5 through 41–4–12 NMSA 1978. . . . [Emphasis added.]

Section 41–4–11 provides for immunity and waiver thereof with reference to highways and streets. Subsection (A) provides that "The immunity granted . . . [a governmental unity] does *not* apply . . . in the maintenance of *or for the existence of* any . . . highway, roadway . . . ." [Emphasis added.] There was a highway in existence. What is meant by the words "the immunity granted does not apply for the existence of any highway"? The only reasonable interpretation is that a governmental unity waives immunity from liability for a highway that has actually been built. It naturally follows that if a claim is made that the highway in existence is defective, a governmental entity does not enjoy immunity from liability.

The reason for this interpretation can be found in subsection (B). It provides that this waiver "shall not include . . .

(1) a defect in plan or design of any . . . highway, roadway . . . ; or

(2) the failure to construct or reconstruct any . . . highway, roadway . . . ."

In other words, the City and Department are immune to liability if there is a defect in plan or design, or if they fail to construct or reconstruct the highway.

A "plan or design" anticipates the building of a highway. There was no defect in the plan or design because the City and Department planned to install guardrails for the safety of the traveling public. It has been held that the absence of a guardrail is a defect in design, not maintenance. *Martin v. State Highway Commission,* 213 Kan. 877, 518 P.2d 437 (1974). "The failure to construct or reconstruct any highway or roadway" is the nonperformance of the work. "Failure" is defined as an omission to perform a duty or appointed function. It has reference to an omission or the nonperformance of something due or required to be done and covers both intentional and unintentional nonperformance. *State v. Gasque,* 241 S.C. 316, 128 S.E.2d 154 (1962); *Brown v. Municipal Court of Los Angeles,*

*Etc.*, 86 Cal.App.3d 357, 150 Cal.Rptr. 216 (1978); *State v. Collins*, 148 Ohio St. 45, 73 N.E.2d 195 (1947); *United States v. Heikkinen*, 240 F.2d 94 (7th Cir. 1957); *Standard Oil Co. of Indiana v. United States*, 164 F. 376 (7th Cir. 1908). Neither of these provisions apply to a highway or roadway already constructed. Therefore, the City and Department waived immunity and are not protected by the immunity provisions of the Act.

We conclude that, in the application of the doctrine of immunity and waiver thereof, the legislature intended to make a distinction between a highway in existence and one not in existence. The legislature did not intend to make an existent highway unsafe for the traveling public.

The City and Department did reconstruct the highway. The construction or reconstruction of a highway or roadway does not include such work as the installation of guardrails. "The word 'highway' as ordinarily used means a way over land open to the use of the general public without unreasonable distinction or discrimination, established in a mode provided by the laws of the state where located." *Lovelace v. Hightower*, 50 N.M. 50, 53, 168 P.2d 864 (1946). " 'Roadway' is commonly understood to mean 'the part of a road over which the vehicle traffic travels.' " *Dupont v. Chagnon*, 408 A.2d 408, 409 (N.H.1979); *Hayungs v. Falk*, 238 Iowa 285, 27 N.W.2d 15 (1947).

■ At the time of plaintiff's injury, the East Frontage Road was in existence but without guardrails. Plaintiff claims that, in view of the City-Department agreement that they would share the cost and installation of guardrails as a part of their basic design, the absence of guardrails was not a defect in design but a negligent omission by defendants. *O'Brien v. Middle Rio Grande, Etc.*, 94 N.M. 562, 613 P.2d 433 (Ct.App. 1980). They are not immune from liability. All rights of immunity have been waived or lost.

A genuine issue of material fact exists whether the City and the Department were negligent and whether this negligence was the proximate cause of plaintiff's injuries.

Reversed.

IT IS SO ORDERED.

WALTERS, J., concurs.

ANDREWS, J., specially concurs.

ANDREWS, Judge (specially concurring).

I concur in the result, but disagree with the thrust of the discussion.

Appellant raises the existence of genuine issues of material fact—this is the dispositive contention. For the trial court to have found for the defendants in this action, it would have had to find that there was no issue of fact as to whether the reason the guardrail was not constructed was because of "design" or "maintenance."

If the guardrail was the subject of agreements, and if it, therefore, was anticipated in the design, a failure to install after an extended period would most probably be a maintenance issue. However, we need not reach that point, for there is conflicting evidence as to why the guardrail was not installed, and this fact must be established prior to a determination as to what the effect of that reason would be.

In my opinion, there is a genuine issue of material fact as to why the guardrail was not constructed. The trial court should determine whether the reason the guardrail was not constructed is a "design" or "maintenance" defect.