23844

The STATE, Respondent v. Raul Tagle PEREZ, Petitioner.

(430 S.E. (2d) 503)

Supreme Court

*Paul V. Cannarella,* Hartsville, *for petitioner.*

*Atty. Gen. T. Travis Medlock* and *Chief Deputy Atty. Gen. Donald J. Zelenka,* Columbia, and *Sol. C. Gordon McBride,* Hartsville, *for respondent.*

Heard Feb. 16, 1993.

Decided May 3, 1993.

HARWELL, Chief Justice:

The Court of Appeals affirmed Raul Tagle Perez's (Perez) convictions for conspiracy and trafficking in marijuana. *State v. Perez*, Op. No. 92-UP-026 (S.C. Ct. App. filed Jan. 22, 1992). Perez contends that his convictions must be reversed because venue was not proper in Darlington County and because the police exceeded the scope of their warrantless search of his vehicle. We disagree and affirm.

## I. FACTS

On December 13, 1989, a reliable informant told police that a middle-aged Mexican male named Raul was enroute to South Carolina from Texas to deliver an unknown but "large" quantity of marijuana. According to the informant, Raul usually drove a truck bearing out-of-state license plates, probably from Louisiana or Texas, and would deliver the drugs to a particular home on a dead-end road in Darlington County. Police set up surveillance in the area and at approximately 1:30 a.m. on December 15 saw a pickup truck with Texas license plates turn onto the dead-end road.

Police stopped the vehicle and determined that Perez was the driver. Perez and the other occupant, Robert San Miguel (San Miguel), then were arrested for conspiracy to traffic in marijuana. During a warrantless search of the vehicle, police opened a briefcase located in the truck's passenger compartment and found receipts which indicated that Perez and San Miguel had rented rooms at a motel in neighboring Florence County. Finding no marijuana in Perez's truck, the officers went to the motel where they found a truck owned by San Miguel. San Miguel consented to a search of the second truck.

Relying on information that the marijuana would be well concealed, police transported San Miguel's truck to a garage in Darlington County. A specially trained dog was used to determine that marijuana was hidden in a large tank mounted in the bed of the truck. The tank was removed and 87.3 pounds of marijuana were found concealed in its false bottom.

At trial, Perez moved to suppress the marijuana, alleging that it was the fruit of an illegal search of the briefcase. Additionally, Perez contended that jurisdiction was not proper in Darlington County since the truck containing the marijuana

was found in Florence County. The trial judge denied Perez's motions and a jury found him guilty of all charges. Perez appealed.

The Court of Appeals affirmed Perez's convictions, finding that jurisdiction was proper in Darlington County because Perez had constructive possession of the marijuana while in that county, and that the search was proper because Perez's briefcase was opened during an inventory of his vehicle.

## II. DISCUSSION

Perez first contends that venue for the prosecution of his trafficking charge was improper in Darlington County because the truck containing the marijuana was found and seized in Florence County. According to Perez, venue should be controlled by the location of the contraband. We disagree.

An accused has a right to be tried in the county in which the offense allegedly was committed. *State v. Evans*, — S.C. — 415 S.E. (2d) 816 (1992). Where some acts material to the offense, and requisite to its consummation, occur in one county, and some in another, venue is proper in either county. *State v. Gasque*, 241 S.C. 316, 128 S.E. (2d) 154 (1962), *overruled on other grounds*, *State v. Evans*, — S.C. —, 415 S.E. (2d) 816 (1992).

One basis for Perez's trafficking in marijuana indictment was his actual or constructive possession of ten or more pounds of marijuana. *See* S.C. Code Ann. § 44-53-370(e)(1) (Supp. 1992). Possession of illegal drugs, whether actual or constructive, is a continuing offense punishable in any jurisdiction in which it is committed. *United States v. Blackston*, 547 F. Supp. 1200, 1206 (S.D. Ga. 1982), *aff'd in part and vacated in part on other grounds*, *United States v. Brantley*, 733 F. (2d) 1429 11th Cir. 1984), *cert. denied*, 570 U.S. 1006, 105 S.Ct. 1362, 84 L.Ed. (2d) 383 (1985) (venue was proper in Georgia for defendants who constructively possessed marijuana located in South Carolina).

Constructive possession is established where a person is aware of the presence of contraband and has the ability to control its disposition. *State v. Lewis*, 277 S.C. 234, 285 S.E. (2d) 354 (1981). Here, Perez knew the marijuana was in Florence County and had the ability to control its disposition even when he was in a different county. We find that

Perez had constructive possession of the marijuana while he was in Darlington County and that his constructive possession of the marijuana in Darlington County was the commission of an act material to the offense of trafficking in marijuana in that county. *Accord United States v. Medina-Ramos*, 834 F. (2d) 874, 877 (10th Cir. 1987) (constructive possession occurs at the location where the defendant holds the ability to control the disposition of the object and where any acts establishing this ability to control would have had to occur). Accordingly, we hold that venue was proper in Darlington County. *See United States v. Swinney*, 970 F. (2d) 494 (8th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 632, 121 L.Ed. (2d) 563 (1992) (venue for defendant in cocaine smuggling ring was proper in Missouri even though cocaine never entered that state because he constructively possessed cocaine located in Los Angeles); *United States v. Long*, 866 F. (2d) 402 (11th Cir. 1989) (venue of possession is determined by the location of the defendants rather than the location of the possessed object).

Perez next contends that the marijuana should have been suppressed as the fruit of an illegal search of his briefcase. According to Perez, police could not search his briefcase, even though they had probable cause to search his vehicle, because they could not reasonably have expected the briefcase to contain the entire shipment of marijuana. We disagree.

The scope of a warrantless search of an automobile is defined by the object of the search and the places in which there is probable cause to believe that it may be found. *United States v. Ross*, 456 U.S. 798, 824, 102 S.Ct. 2157, 2172, 72 L.Ed. (2d) 572, 593 (1982). While the police did not expect to find the entire shipment concealed in Perez's briefcase, we do not find it unreasonable for them to believe that a portion of the marijuana, or even a sample, would be concealed there.[1] Therefore, we hold that the search of Perez's briefcase

---

[1] The Police officer who searched Perez's briefcase gave the following testimony at the suppression hearing:

Q: How much pot did you expect to confiscate?
A: Well, we didn't know. The information we had, it could be anywhere from 100 to 1100 pounds.
Q: But you weren't expecting to find that marijuana in his briefcase were you?
A: No, sir. Not at all. Not 1100 pounds.

was not outside the scope of the search for illegal drugs. *Accord State v. McLaughlin,* — S.C. —, 413 S.E. (2d) 819 (1992).

For the foregoing reasons, the opinion of the Court of Appeals is

Affirmed as modified.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.

* * * * * *

Q: Well, what did you look in that briefcase for?
A: Well, I didn't know what was in the briefcase.
Q: Why did you look in the briefcase?
A: Why?
Q: Yes, sir.
A: I'm looking for dope.