2354

The STATE, Respondent v. Sammie Lee BROWN, Appellant.

Court of Appeals

(461 S.E. (2d) 828)

*M. Anne Pearce* and *Tara Dawn Shurling, Assistant Appellate Defenders,* both of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*T. Travis Medlock, Attorney General, Donald J. Zelenka, Chief Deputy Attorney General, Harold M. Coombs, Jr., Senior Assistant Attorney General,* and *Miller W. Shealy, Jr., Assistant Attorney General;* and *Richard A. Harpootlian, Solicitor,* Columbia, *for respondent.*

Heard Mar. 8, 1995.

Decided May 30, 1995; Refiled Aug. 24, 1995.

## ORDER GRANTING PETITION FOR REHEARING AND WITHDRAWING AND SUBSTITUTING OPINION

*Per Curiam:*

After careful consideration, the Court hereby grants the Petition for Rehearing, and orders that the opinion heretofore

filed be withdrawn and the attached opinion be substituted therefore.

HOWARD, Justice:

Sammie Lee Brown was convicted of possession with intent to distribute crack cocaine, possession with intent to distribute crack cocaine within proximity of a school, distribution of crack cocaine, and distribution of crack cocaine within proximity of a school. Brown received a sentence of fifteen years for the distribution and a consecutive seven-year sentence for the possession with intent to distribute. He also received concurrent ten-year sentences on the two school-related charges. The arrest concluded an arranged sale of four ounces of crack cocaine to an undercover narcotics agent. Because the agent decided to buy only two ounces, Brown and his accomplice retained the remaining two ounces. Brown was thereafter charged and convicted of both the distribution of two ounces and possession with the intent to distribute the remaining two ounces, along with the related school proximity charges. He appeals the denial of his motion for directed verdict on the possession with intent to distribute charges and asserts several reversible errors in the jury charge. We affirm in part, and vacate in part.

The charges against Brown were the result of a prearranged sale of crack cocaine to a Richland County undercover agent. The agent met Sammie Brown at a restaurant parking lot in Columbia, where the agent told Brown he wanted to buy four ounces of crack cocaine. Brown left the agent at the restaurant, and entered a nearby multi-family apartment building on South Gregg Street (the Gregg Street apartment).

Outside this apartment Brown met another individual, later identified as Thomas Brown (no relation to Sammie Brown). Both Browns then returned to the restaurant where Thomas Brown showed the agent four ounces of crack cocaine. At that time, the agent told the Browns he only wanted to buy two ounces. The Browns said the crack cocaine would have to be re-weighed.

All three then left the restaurant in the agent's car, dropping off Thomas Brown at the Gregg Street apartment to reweigh the crack cocaine. The agent and Sammie Brown pro-

ceeded to another apartment on Osceola Street to wait for Thomas Brown. At the Osceola apartment, the agent discovered a small bag of crack cocaine under the sofa cushion. The bag was ultimately determined to have 0.89 grams of crack cocaine. Sammie Brown explained to the agent this was his "personal stash." A few minutes later Thomas Brown arrived and handed two ounces of crack cocaine to Sammie Brown, who laid it on the table. The Browns began counting the money given to them by the agent, at which time police raided the Osceola Street apartment and arrested the Browns.

Thereafter, the police executed a search warrant on the Gregg Street apartment. They recovered cash, several weapons, and a red sports bag containing cocaine and approximately two ounces of crack cocaine. They also found three microwave ovens, baking soda, walkie talkies, an answering machine, and a set of digital scales.

I.

Brown first argues the trial court should have granted a directed verdict of acquittal on the possession with the intent to distribute charge and related school charge. These charges arise out of the crack cocaine found in the red sports bag located in the search of the Gregg Street apartment.[1] It was the State's theory at trial and before this court that this crack cocaine was the remaining two ounces not purchased by the undercover agent.[2] Brown argues there is no evidence to establish he had dominion and control over the crack cocaine seized in the search. We disagree.

---

[1] Although at trial the State argues both the crack cocaine found in the red sports bag at the Gregg Street apartment and the 0.89 gram bag found in the Osceola Street apartment support the possession with intent to distribute charge, the State abandons this contention in its brief on appeal. The State contends that it is "the [crack cocaine found in the red sports bag] and not the 0.89 grams that is sufficient for purposes of the distribution and possession with the intent to distribute charges." Therefore, the use of the "personal stash" to support any charge in this case is no longer an issue in view of the State's concession.

[2] Brown was also charged with trafficking in cocaine based upon the powder cocaine also found in the red sports bag. However, the trial judge directed a verdict on this charge, finding insufficient evidence to connect Sammie Brown to these drugs.

On a motion for a directed verdict in a criminal case, the trial court is concerned with the existence or nonexistence of evidence, not its weight. *State v. Morgan*, 282 S.C. 409, 319 S.E. (2d) 335 (1984); *State v. Barksdale*, 311 S.C. 210, 428 S.E. (2d) 498 (Ct. App. 1993). If the State presents any evidence which reasonably tends to prove defendant's guilt, or from which defendant's guilt could be fairly and logically deduced, the case must go to the jury. *State v. Poindexter*, 314 S.C. 490, 431 S.E. (2d) 254 (1993). On appeal from the denial of a motion for directed verdict, this court must view the evidence in a light most favorable to the State. *State v. Schrock*, 283 S.C. 129, 322 S.E. (2d) 450 (1984).

Possession of drugs may be inferred from the circumstances and may be imputed to anyone who has the power and intent to control the disposition and use of the drugs. *State v. Kimbrell*, 294 S.C. 51, 362 S.E. (2d) 630 (1987). Actual knowledge of the presence of the drugs is strong evidence of intent to control its disposition or use. *Id.* Under the facts of this case, we find sufficient evidence to support a reasonable inference that the Browns were working together to sell the crack cocaine to the agent in the car, and Sammie Brown had at least partial power and control over the disposition of the crack cocaine. Further, Sammie Brown had actual knowledge of the crack cocaine because he was in the car when Thomas Brown presented it to the undercover agent. This knowledge is strong evidence of Sammie Brown's intent to control the disposition of the drugs. Therefore, the trial court properly denied the motion for directed verdict of acquittal on the charge of possession with the intent to distribute, and the related school proximity charge.

## II.

Brown next asserts several errors in the jury charge. Among these, Brown argues the trial judge should have charged the jury that it could not convict for both possession with intent to distribute and distribution of the same drugs. At the conclusion of the evidence, Brown's attorney asserted that the charge of possession for distribution was, under these facts, a "lesser included offense." Counsel thereafter argued, "[T]he jury could convict him on one or the other, but to convict him on both would be unconstitutional." After the jury re-

turned its verdicts, counsel for Brown again renewed his motions asserted in the directed verdict, which were denied. Because Brown was not present at this stage of the trial,[3] sentencing was deffered pending his apprehension.

Our court has not had occasion to rule upon the precise issue presented by the facts of this case, but we are not without guidance. In *United States v. Atkinson*, 512 F. (2d) 1235 (4th Cir. 1975), this same question was presented in the context of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C.A. § 841(a)(1) (1981). Analyzing the facts of that case, the Fourth Circuit Court of Appeals stated:

> [Defendant's] possession of the drug was not shown to exist separately from the moment in which the heroin was transferred to the government agent. Only when he produced the heroin for the sale was his possession shown to exist. Under these circumstances, while the single act was proof of two offenses, we are of the opinion it was not the intent of Congress to increase the maximum sentence when two violations of the same subsection of the statute are shown by a single act.

*Atkinson*, 512 F. (2d) at 1240.

Again discussing this same fact pattern in *United States v. Curry*, 512 F. (2d) 1299 (4th Cir.), *cert. denied*, 423 U.S. 832, 96 S.Ct. 55, 46 L.Ed. (2d) 50 (1975), and relying on *Atkinson*, the Fourth Circuit stated:

> In the instant case the evidence of the sale was relied upon to prove Curry's "intent to distribute" at the time of his possession. The gravamen of each offense is the distribution of a controlled substance: when the intent is carried out by a successful sale the offenses merge. To paraphrase the language of the Supreme Court on a similar point, we hold, therefore, that when Congress made either distribution or possession with intent to distribute a crime it intended that the maximum punishment for distribution should remain at fifteen years but, even if the culprit should fall short of accomplishing his purpose, he could be imprisoned for fifteen years for possessing with the felonious intent.

---

[3] Brown failed to appear for trial and was tried in his absence.

*Curry*, 512 F. (2d) at 1306.

In South Carolina, the offenses of distribution of crack cocaine and possession of crack cocaine with the intent to distribute are statutory crimes, found in S.C. Code Ann. Section 44-53-375(B) (Supp. 1994). Both distribution of crack cocaine and possession with intent to distribute are criminalized in the same subsection, and both carry a maximum sentence of fifteen years and a fine of at least $25,000 for a first-time offender. The term "distribute" is defined in § 44-53-110 as meaning "to deliver (other than by administering or dispensing) a controlled substance. "Deliver" and "delivery" are defined as the "actual, constructive, *or attempted* transfer of a controlled drug or paraphernalia whether or not there exists an agency relationship" (emphasis supplied). Thus, no completed sale is required to constitute a distribution. Rather, the attempted delivery is a distribution.

There is no language in the statute which discloses any intention by the legislature to provide cumulative punishment for possession with intent to distribute crack cocaine and distribution of the same crack cocaine, where they constitute a single act. Therefore, we agree with the reasoning of the Fourth Circuit Court of Appeals in *Curry* and conclude the gravamen of the offense in this case is the distribution of crack cocaine.

The legislature intended to punish one who distributes crack cocaine with a maximum sentence of fifteen years and a fine of at least twenty-five thousand dollars, and this includes the "culprit" who falls short of accomplishing his or her purpose. Therefore, Sammie Brown's cumulative sentence for possession with intent to distribute crack cocaine cannot stand, if it results from the same act which constituted the crime of distribution.

In this case, Sammie Brown met with the undercover agent's car and attempted to deliver the four ounces of crack cocaine. But for the agent's refusal of the other two ounces, the transaction would have been consummated. The criminal act of attempting to transfer the four ounces of crack cocaine constituted a "delivery" under the act, which in turn was a "distribution" of the four ounces at that time. Possession was not shown to exist prior to the attempted delivery. Though the "sale" was not completed due to the decision

of the undercover agent to purchase only two ounces, and thereafter due to police intervention, the "distribution" was completed in the agent's car by the attempt to deliver. Subsequent events were connected as a part of this continuous transaction. Indeed, the State relied upon Sammie Brown's shared possession of all four ounces of crack cocaine in the vehicle to establish his possession of the residual two ounces of crack cocaine found a short time later in the red sports bag belonging to his codefendant. Only by identifying that crack cocaine as a part of the four ounces could the State connect it to Sammie Brown. Under these circumstances, the contemporaneous possession with the intent to distribute merged with the completed crime of distribution.

The Double Jeopardy Clauses of both the United States and South Carolina Constitutions protect against multiple punishments for the same offense. *United States v. Dixon,* — U.S. —, 113 S.Ct. 2849, 125 L.Ed. (2d) 556 (1993); *State v. Wilson,* 311 S.C. 382, 429 S.E. (2d) 453 (1993). When there are multiple punishments imposed in the same trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. *Wilson,* 429 S.E. (2d) at 457 (citing *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.E. (2d) 535 (1983). For the reasons stated above, we conclude double jeopardy bars cumulative punishment.

The reversal of the trial court on this issue requires vacating the conviction and cumulative sentence given for possession of crack cocaine with the intent to distribute. *See Ball v. United States,* 470 U.S. 856, 105 S.Ct. 1668, 84 L.E. (2d) 740 (1985) (where Congress did not intend to punish a defendant for receipt and possession of the same gun, the conviction and its concurrent sentence both are unauthorized punishments for a separate offense); *Matthews v. State,* 300 S.C. 238, 387 S.E. (2d) 258 (1990) (vacating conviction and sentence for possession of marijuana with intent to distribute where defendant was convicted of possession with intent to distribute and trafficking based on the same act). This, in turn, requires vacating the related conviction and sentence imposed for possession of crack cocaine with intent to distribute within proximity of a school.

We wish to emphasize that there is no prohibition against the contemporaneous prosecution by the State for both possession with intent to distribute and distribution of crack cocaine and the related school charges where, like this case, they arise out of the same conduct. As in *Ball*, if the trial judge is satisfied there is evidence to go to the jury on all charges, the judge must instruct the jury as to each. However, where the alleged possession with intent to distribute and distribution arise from the same conduct, such that the possession would merge into the distribution, if the jury so finds, then the trial judge should instruct the jury to convict on one charge or the other, but not both. *See State v. Scipio*, 283 S.C. 124, 322 S.E. (2d) 15 (1984) (where jury is instructed on greater and lesser included offenses, trial court should instruct the jury to convict on one charge or the other).

Affirmed in part, vacated in part.

SHAW and GOOLSBY, JJ., concur.