476 S.E.2d 711

**The STATE, Appellant,**

**v.**

**Kevin SANDERS, Respondent.**

**Opinion No. 2560.**

Court of Appeals of South Carolina.

Submitted Aug. 1, 1996.

Decided Sept. 3, 1996.

Rehearing Denied Oct. 16, 1996.

Leon E. Stavrinakis, Charleston, for appellant.

Assistant Appellate Defender Lisa T. Gregory, of the South Carolina Office of Appellate Defense, Columbia, for respondent.

PER CURIAM:

Respondent, Kevin Sanders, moved for the trial court to quash a Berkeley County indictment charging him with trafficking in heroin, more than 14 grams but less than 28 grams, on the grounds of double jeopardy. He asserted he had previously pled guilty in Charleston County to possession of heroin with intent to distribute and that conviction barred prosecution of the Berkeley County heroin charge. The trial judge ruled prosecution of the Berkeley County heroin charge would violate the Double Jeopardy Clause and granted respondent's motion. The State appeals. We reverse and remand.

## ISSUE

The only issue on appeal is whether the trial judge erred in quashing the indictment for trafficking in heroin in Berkeley County on the basis of double jeopardy as the result of the defendant's conviction for possession of heroin with intent to distribute in Charleston County, which occurred on the same

day as and just prior to the charge for trafficking in Berkeley County.

## FACTS

In July of 1994, the Charleston Police Department received information from a confidential informant that Sanders was dealing drugs in the Bayside Manor area of Charleston. The police conducted surveillance on the Berkeley County apartment of Stacy Winns based on information that Sanders was living there. On August 1, 1994, the police observed Sanders and Ms. Winns leave the apartment in Ms. Winns' car, travelling toward Charleston. The police followed and stopped the vehicle in Charleston as it approached the Bayside Manor area. Sanders fled and threw an athletic sock down which was later determined to contain 50 bags of heroin weighing 1.62 grams. Sanders was charged with possession with intent to distribute heroin based on the 1.62 grams of heroin found in Charleston County.

Police obtained Ms. Winns' consent to search her apartment in Berkeley County. That search turned up: (1) 0.28 grams of heroin; (2) 26.12 grams of procaine; (3) 26.42 grams of a procaine and heroin combination; and (4) 7.08 grams of crack cocaine. As a result, Sanders was charged with possession of crack cocaine with intent to distribute and trafficking in more than 14 but less than 28 grams of heroin in Berkeley County. Sanders moved to consolidate the Charleston County case with the Berkeley County charges, arguing it was an ongoing crime and the State was attempting to stack charges against him. The trial judge denied this motion. Sanders subsequently pled guilty to the Charleston County charge of possession of heroin with intent to distribute and was sentenced to fifteen years.

When Sanders' case was called to trial in Berkeley County, he moved to quash the indictment for trafficking in heroin on the grounds of double jeopardy, arguing the prosecution for possession of heroin with intent to distribute in Charleston County barred the trafficking prosecution. He argued he was in constructive possession of the heroin in Berkeley County when he was stopped in Charleston and therefore should have been tried for trafficking in the Charleston prosecution, but

the State elected to prosecute him for only possession with intent to distribute.

The State argued the case involved separate actions and separate drugs and that *Blockburger*[1] speaks in terms of the same act. The State further asserted it could not be assumed that the heroin found in Charleston County was from that found in Berkeley County just because the defendant argued it was. The State argued Sanders committed two different crimes and it was not a single act.

The trial judge found the prosecution in Charleston was for the same action as Berkeley County and the Charleston County action was part of the overall picture of trafficking. He stated the case of *State v. Perez*, 311 S.C. 542, 430 S.E.2d 503 (1993) was problematic for the State because under *Perez*, Sanders was in actual possession of heroin in Charleston County and constructive possession of heroin in Berkeley County. He found the State was prohibited from trying Sanders for actual possession of heroin in one county and constructive possession of the same drug in another county. He further found the State was essentially trying to set up "two hits at this defendant" and, looking at the total circumstances, the State did not have the right to set up two separate offenses from what was really one trafficking charge. He found it was only one drug that they were dealing with and granted Sanders' motion to quash.

## LAW/ANALYSIS

The Fifth Amendment to the United States Constitution provides that "No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb...." U.S. Const. amend. V. This double jeopardy clause protects against a second prosecution for the **same offense** after acquittal; a second prosecution for the **same offense** after conviction; and multiple punishments for the **same offense**. *McMullin v. S.C. Dept. of Rev. & Tax.*, 321 S.C. 475, 469 S.E.2d 600 (1996). Double jeopardy prohibits a second prosecution for the **same offense** after acquittal or conviction, and multiple punishment for the **same offense**. The *Blockburger*

---

1. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

analysis for determination of double jeopardy issues sets forth a test where the court is faced with the "same act or transaction." See *Jivers v. State*, 304 S.C. 556, 406 S.E.2d 154 (1991) (the applicable rule is that, where the **same act or transaction** constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not).

In *State v. Perez*, supra, a reliable informant told police that marijuana was going to be delivered to a particular home in Darlington County. As a result of a surveillance in that area, the police stopped a truck driven by Perez. During a search of the vehicle, the police discovered receipts indicating Perez and his passenger rented rooms at a motel in Darlington County. Finding no marijuana in Perez's truck, the officers went to the motel and found a truck owned by Perez's passenger and received his consent to search. The truck was transported to a garage in Darlington County where 87.3 pounds of marijuana were found concealed in a false bottom. Perez asserted jurisdiction was not proper in Darlington County since the truck containing the marijuana was found in Florence County. The Supreme Court held that venue was proper in Darlington County because Perez had constructive possession of the marijuana while he was in Darlington County. The Court stated, "Possession of illegal drugs, whether actual or constructive, is a continuing offense punishable in any jurisdiction in which it is committed." The *Perez* case is not controlling of the case at hand, but merely stands for the proposition that jurisdiction may be proper in the county where illegal drugs are not actually possessed if it can be shown they were constructively possessed in that county. *Perez* in no way addresses the issue of double jeopardy.

In *State v. Brown*, 319 S.C. 400, 461 S.E.2d 828 (Ct.App. 1995), this court vacated a portion of the defendant's sentence where he was sentenced for possession with intent to distribute the same crack cocaine for which he was sentenced for distribution. That case is also distinguishable. In *Brown*, an undercover agent set up a buy for four ounces of crack cocaine, but then declined to take two of the ounces, thereby leaving the defendant holding two ounces after the sale. A subsequent search of an apartment which the defendant went to immediately after the undercover agent stated his desire to

purchase only two ounces of the drug revealed two ounces of crack cocaine which the State maintained was the remaining two ounces not purchased by the agent. The court found the attempted delivery of the four ounces was a distribution of the four ounces, that it was only because of the actions of the undercover agent that a sale of all four ounces was not made, and that the contemporaneous possession with intent to distribute merged with the completed crime of distribution. Thus, the court determined double jeopardy barred the cumulative punishment for possession with intent to distribute. The court stated, "[W]here the alleged possession with intent to distribute and distribution arise from the **same conduct,** such that the possession would merge into the distribution, if the jury so finds, then the trial judge should instruct the jury to convict on one charge or the other, but not both" (emphasis added). In the case at hand, there is no double jeopardy bar because the trafficking charge did not arise from the **same conduct** as the possession with intent to distribute charge. Here, the State did not maintain the heroin found in Charleston County was part of the same heroin found in Berkeley County. Thus, unlike the *Brown* case, the State asserted the charges stemmed from two different drugs. Further, there is no evidence any actions taken by the authorities in this case made the separate charge for possession with intent to distribute possible. Rather, it was Sanders' own actions in leaving the apartment with the 50 bags of heroin. The evidence here, unlike *Brown,* does not lead to the inescapable conclusion that Sanders was merely involved in one ongoing crime.

Finally, the Supreme Court case of *State v. Frazier,* 302 S.C. 500, 397 S.E.2d 93 (1990) is controlling. There, the appellant was convicted of assault with intent to commit criminal sexual conduct in the first degree and assault and battery of a high and aggravated nature. Appellant asserted his conviction and sentence for both offenses violated the constitutional prohibition against double jeopardy. The facts showed appellant grabbed a female from behind, they struggled, and he began to choke her. He dragged the victim into some woods, ripped her shorts, pulled off her underwear and loosened his own pants. He stopped when he noticed headlights of an approaching car at which point the victim stated he was going to have to kill her before he could rape her. The appellant then replied he was going to kill her anyway and put

his knee on the victim's chest and began choking her. The court found there that the facts of the case supported the jury's finding that two offenses were committed and therefore appellant's conviction for both did not violate the constitutional prohibition against double jeopardy. The court recognized that ABHAN is a lesser included offense of criminal sexual conduct in the first degree but found the facts supported the convictions for two separate acts. The court noted the appellant was not convicted of two offenses for the commission of one act but was found guilty of committing two separate acts. Likewise, the facts of this case as alleged by the State would support a finding that Sanders committed two separate crimes by having an amount of heroin in his constructive possession in the apartment in Berkeley County sufficient to charge him with trafficking in heroin, and by carrying on his person, out of the apartment and into Charleston County, 50 bags of heroin, sufficient in weight to charge him with possession with intent to distribute. The two charges were based on different acts constituting separate offenses and did not violate Sanders' constitutional right against double jeopardy.

For the foregoing reasons, we find the trial judge erred in quashing the indictment for trafficking in heroin in Berkeley County.

**REVERSED AND REMANDED.**

GOOLSBY, HUFF, and HOWARD, JJ., concur.