THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Johnny Jones, Appellant.
 
 
 

Appeal From Dillon County
 John L. Breeden, Jr., Circuit Court Judge
Unpublished Opinion No. 2008-UP-715
Submitted December 1, 2008  Filed
 December 18, 2008    
AFFRIMED

 
 
 
 Appellate Defender Robert M. Pachak, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior
 Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor
 Jay E. Hodge, Jr., of Cheraw, for Respondent.
 
 
 

PER CURIAM:  Johnny Jones appeals his conviction and
 sentence for trafficking cocaine, arguing the trial court erred by refusing to
 direct a verdict of acquittal.  Jones claims he was merely present as a
 passenger in the vehicle in which cocaine was found and did not constructively
 possess the drugs. 
Viewing
 the evidence in the light most favorable to the State, as we must, we find the
 State offered sufficient circumstantial evidence to prove Jones had the right
 to exercise constructive possession over the cocaine in the trunk of the car.  See State v. Weston, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006)
 (holding if there is any direct evidence or any substantial circumstantial
 evidence reasonably tending to prove the guilt of the accused, the appellate
 court must find the case was properly submitted to the jury).  Specifically,
 Joness conduct after the vehicle was pulled over by the policeman indicated he
 was likely a knowledgeable participant in a joint criminal act:  (1)  Jones was
 a passenger without any luggage in a rental car traveling from Florida to
 Virginia; (2) when explaining the purpose for this trip, Jones gave the
 policeman an explanation that was completely at odds with the drivers account;
 (3) Jones contradicted himself when the policeman inquired about the person who
 rented the vehicle, first stating it was his uncle who rented the vehicle but
 admitting he did not know his uncles name, and finally confessing that it was
 not his uncle who rented the car.  See id;  State v. Attardo,
 263 S.C. 546, 550, 211 S.E.2d 868, 869 (1975) (explaining knowledge of an
 illegal substance may be proved by circumstantial evidence of acts,
 declarations, or conduct of the accused from which the inference may be drawn
 that the accused knew of the existence of the prohibited substances); State
 v. Brown, 319 S.C. 400, 404, 461 S.E.2d 828, 830-31 (Ct. App. 1995)
 (finding appellants presence in a car at the time a drug sale occurred was
 evidence of actual knowledge evidencing appellants intent to control the
 disposition of the drugs);  State v. Heath, 370 S.C. 326, 329, 635
 S.E.2d 18, 19 (2006) (stating constructive possession of an illegal substance
 can be established by circumstantial or direct evidence); State v. Williams,
 346 S.C. 424, 430, 552 S.E.2d 54, 57 (Ct. App. 2001) (same).

AFFIRMED.[1]
WILLIAMS, PIEPER, and GEATHERS, JJ.,
 concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.