THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Antonio M. Williams, Appellant.
 
 
 

Appeal From Pickens County
 Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2010-UP-285
Submitted May 3, 2010  Filed May 20, 2010

AFFIRMED

 
 
 
 J. Falkner Wilkes and Richard Harold
 Warder, both of Greenville, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and
 Solicitor Robert Mills Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Antonio M. Williams appeals his
 convictions for distribution of cocaine base and distribution of cocaine base
 within proximity of a school, arguing the trial court erred in:  (1) refusing
 to instruct the jury he could not be convicted of both crimes; and (2) failing to
 consider his prior convictions as a single offense under the sentence
 enhancement statute.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:
1.  As to whether the trial
 court erred in refusing to charge the requested jury instruction:  State v.
 Brown, 319 S.C. 400, 408, 461 S.E.2d 828, 832 (Ct. App. 1995) (emphasizing
 "that there is no prohibition against the contemporaneous prosecution by
 the State for both possession with intent to distribute and distribution of
 crack cocaine and the related school charges where, like this case, they arise
 out of the same conduct"); Riley v. S.C., 82 F.Supp.2d 474, 478-79 (D.S.C. 2000) (citing Blockburger
 v. U.S., 284 U.S. 299, 304 (1932), and Brown, 319 S.C. at 408, 461
 S.E.2d at 832, and finding our state legislature intended for the possession
 within proximity of a school statute to be a separate statute providing
 cumulative punishment in conjunction with the punishment proscribed by the
 statute prohibiting possession of narcotics).
2.  As to whether the trial
 court erred in calculating his convictions for sentence enhancement purposes:  State v. Boyd, 288
 S.C. 206, 210, 341 S.E.2d 144, 146 (Ct. App. 1986) (holding "where the
 violations are unrelated to one another and do not arise out of a single
 incident . . . no prohibition of counting for sentencing purposes each
 conviction separately" exists).
AFFIRMED.
HUFF, SHORT, and WILLIAMS,
 JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.