**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4035**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

BRANDON SULTON,

                Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Cameron McGowan Currie, Senior District Judge. (3:17-cr-00032-CMC-1)

Submitted: September 27, 2018                Decided: October 18, 2018

Before AGEE and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

S. Harrison Saunders, VI, LAW OFFICE OF S. HARRISON SAUNDERS, VI, LLC, Columbia, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, William Camden Lewis, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Sulton appeals his 262-month sentence, imposed after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2012), and carrying a firearm, during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (2012). Sulton challenges the district court's determination that his two prior convictions under S.C. Code Ann. § 44-53-375(B) (2018), constitute predicate drug convictions under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and the career offender provision in U.S. Sentencing Guidelines Manual § 4B1.1 (2016). Finding no error, we affirm.

We review de novo the district court's determination that a state crime qualifies as a predicate offense under the ACCA and the career offender Guideline. *United States v. Burns-Johnson*, 864 F.3d 313, 315 (4th Cir. 2017). The ACCA provides that "a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). "[S]erious drug offense means . . . an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." § 924(e)(2)(A)(ii). A predicate "controlled substance offense" under the Sentencing Guidelines is an offense punishable by more than one year of imprisonment "that prohibits the manufacture, import, export, distribution, or

2

dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b).

> When addressing whether a prior conviction triggers [an ACCA or] a Guideline sentencing enhancement, we approach the issue categorically, looking only to the fact of conviction and the statutory definition of the prior offense. The point of the categorical inquiry is not to determine whether the defendant's conduct *could* support a conviction for a predicate offense, but to determine whether the defendant was *in fact convicted* of a crime that qualifies as a predicate offense. Accordingly, the categorical approach focuses on the *elements* of the prior offense rather than the *conduct* underlying the conviction. For a prior conviction to qualify as [an ACCA or] a Guideline predicate offense, the elements of the prior offense must correspond in substance to the elements of the enumerated offense.

*United States v. Dozier*, 848 F.3d 180, 183 (4th Cir. 2017) (internal brackets, citations, and quotation marks omitted).

Where, however, the state statute is divisible, we apply the modified categorical approach. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). A statute is divisible if it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Id.* A statute is not divisible, by contrast, if it "enumerates various factual means of committing a single element." *Id.* Under the modified categorical approach, "a sentencing court looks to a limited class of [*Shepard*[1]] documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.*

Sulton asserts that S.C. Code Ann. § 44-53-375(B) is not divisible and that, because a defendant can be convicted under that statute for "purchas[ing]"

---

[1] *Shepard v. United States*, 544 U.S. 13 (2005).

3

methamphetamine, conduct which is not included in the above-quoted definitions, the statute is overbroad.[2] We conclude that the statute is divisible because, on its face, it criminalizes multiple, different actions taken with respect to methamphetamine, and nothing in the statutory text states or suggests that the enumerated actions are alternative ways to commit an element of a single offense rather than alternative offenses. *See United States v. Rodriguez-Negrete*, 772 F.3d 221, 224-27 (5th Cir. 2014) (applying modified categorical approach to S.C. Code Ann. § 44-53-370(a)(1) (2018), which is phrased similarly to and referenced in § 44-53-375(B)); *State v. Brown*, 461 S.E.2d 828. 831 (S.C. Ct. App. 1995) (noting that distribution of crack cocaine and possession with intent to distribute crack cocaine are separate offenses each criminalized by § 44-53-375(B)).

Because the statute is divisible, we look to the *Shepard*-approved documents under the modified categorical approach to determine whether Sulton's convictions constitute ACCA and career offender predicates. Sulton conceded below and does not contest here that the *Shepard* documents clearly show that he twice pled guilty to manufacturing methamphetamine in violation of § 44-53-375(B). Those two convictions are therefore predicate drug offenses under the ACCA and the career offender Guideline, and the

---

[2] The statute provides that "[a] person who manufactures, distributes, dispenses, delivers, purchases, or otherwise aids, abets, attempts, or conspires to manufacture, distribute, dispense, deliver, or purchase, or possesses with intent to distribute, dispense, or deliver methamphetamine or cocaine base, in violation of the provisions of Section 44-53-370, is guilty of a felony." The maximum penalty for a first offense is 15 years' imprisonment. S.C. Code Ann. § 44-53-375(B)(1).

district court properly found Sulton to be an armed career criminal and a career offender. We therefore affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*