8868

.STATE v. McCOY.

(82 S. E. 280.)

CRIMINAL LAW. VENUE. JURISDICTION.

Under Const., art. I, sec. 17, providing that no person shall be held to answer for a crime except in the county where the crime shall have been committed, the right of a party to be tried in a county where the crime was committed is jurisdictional, and hence defendant could not be lawfully convicted in L. county for selling a mortgaged mule in C. county.

Before SEASE, J.; Bishopville, Fall term, 1913. Reversed.

C. H. McCoy was convicted in Lee county for selling a mortgaged mule in Chesterfield county, and he appeals.

*Mr. T. H. Tatum,* for appellant, cites: *Offense must be committed in county to give jurisdiction:* 43 S. C. 202; 87 S. C. 535; 57 S. C. 263; 74 S. C. 450; Const., art. I, sec. 17; 7 Cyc. 65.

*Messrs. P. H. Stoll* and *B. F. Kelley,* for the State, respondent.

July 4, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

. The following statement appears in the record:

"The defendant in this case was indicted by the grand jury of Lee county for the disposing of one mule over which J. M. & R. L. Hearn, a copartnership, doing business at Bishopville, Lee county, S. C., held a lien, to wit, a chattel mortgage; the amount due thereon being $65. The case was tried before his Honor, Judge T. S. Sease, and a jury, during the Fall, 1913, term of the Court of General Sessions for Lee county, and resulted in a verdict of guilty and sentence thereon. The evidence of both the State and the defendant disclosed that the defendant resided in Chesterfield county, and while so residing purchased a mule from J. M. & R. L. Hearn, giving a chattel mortgage as part payment of the purchase price. That this mortgage was recorded in Chesterfield county, and nowhere else. That the defendant took the mule to Chesterfield county and disposed of it in that county, and that the debt was not paid, within ten days, nor the money deposited with the clerk of Court for Lee county to cover the debt. At the close of the

State's case, the defendant moved for the direction of a verdict, on the ground that the evidence shows that the property was disposed of in Chesterfield county and not in Lee county, which motion was overruled. At the close of all the testimony in the case, the defendant renewed his motion for a directed verdict upon the same ground, which motion was again overruled. The defendant asked the Court to charge that it must be proven that the property was disposed of within Lee county, in order to give the Court of General Sessions of Lee county jurisdiction, which request was denied. The appeal questions these rulings of the Circuit Judge."

Section 17, art. I, of the Constitution, provides that:

"No person shall be held to answer for any crime where the punishment exceeds a fine of one hundred dollars or imprisonment for thirty days * * * unless on a presentment or indictment of a grand jury of the county where the crime shall have been committed."

The case of *State* v. *Blakeney*, 33 S. C. 111, 11 S. E. 637, shows that the question whether the crime was committed in the county alleged in the indictment is jurisdictional in its nature, and therefore does not involve the merits of the case. And in the case of *State* v. *Browning*, 70 S. C. 466, 50 S. E. 185, it was held that such objection relates to the jurisdiction of the person, and is waived when the defendant contests the case upon the merits.

The foregoing statement of facts shows that there was error on the part of his Honor, the presiding Judge, in refusing to direct a verdict in favor of the defendant on the ground that the crime was not committed in Lee county. It would thus have appeared upon the record that the merits of the case were not involved and that the defendant was subject to indictment in Chesterfield county.

Judgment reversed.