0445

The STATE, Respondent, v. Larrid Neil HENDERSON, Appellant.

(329 S. E. (2d) 448)

Court of Appeals

*Eddie R. Harbin,* Greenville, and *Appellate Defender John L. Sweeny* and *Deputy Appellate Defender William Isaac Diggs, S. C. Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *Charles H. Richardson, Staff Atty. Amie L. Clifford,* Columbia, and *Sol. Claude A. Taylor, Jr.,* Spartanburg, *for respondent.*

Argued Nov. 12, 1984.

Decided April 19, 1985.

*Per Curiam:*

Larrid Neil Henderson appeals his convictions for two counts of receiving stolen goods, knowing the same to be stolen, and one count of carrying a pistol. We affirm as to the firearm charge and reverse as to the convictions of receiving stolen goods.

At issue on appeal are whether (1) Henderson violated the statute prohibiting the carrying about the person of a pistol and (2) the Court of General Sessions of Spartanburg County had jurisdiction to try the receiving stolen goods charges.

Henderson was indicted and convicted in Spartanburg County on two counts of receiving stolen goods and one count of carrying a pistol. The goods is question were a backhoe and front end loader which had been stolen from Lesley Construction Company at a construction site in Greenville County and a diesel engine which was stolen from Lindsey Builders Supply at its place of business in Spartanburg County.

After the goods were reported stolen, the Federal Bureau of Investigation (F.B.I.) and the South Carolina State Law Enforcement Division (SLED) received information that Henderson was trying to sell construction equipment which he was keeping at the farm of one Troy Melton in Spartanburg County. Special agents of the F.B.I. confirmed the presence of the stolen goods at the Melton farm and then arranged to meet Henderson at the farm to make a "buy" of

the equipment. They were accompanied to the farm by SLED agents.

Henderson met the agents at the farm and offered to sell the backhoe for $14,000 in cash. One of the F.B.I. agents produced a quantity of cash. He and Henderson went to Henderson's parked car to make out a bill of sale. When Henderson opened his briefcase inside the car, the agent saw a .38 caliber pistol in the briefcase. After Henderson wrote out the bill of sale, the agent identified himself, seized the briefcase, and told Henderson the backhoe was stolen. Henderson vociferously denied the equipment was stolen, but a check of the identification number confirmed it had been stolen in Greenville County. SLED then placed Henderson under arrest.

## I.

Since we affirm as to the conviction for carrying a pistol, we address that issue first. Section 16-23-20, Code of Laws of South Carolina, 1976, makes it unlawful for anyone to carry on or about his person, whether concealed or not, any pistol. There are exceptions in the statute, one of which is that a person might have in his vehicle a pistol which is secured in a closed glove compartment or closed trunk. At the time it was seen by the F.B.I. agent, the pistol was not in a glove compartment or a trunk of an automobile. We find no merit to Henderson's contention that the pistol was in the closed trunk of his car. Accordingly, we affirm the conviction for carrying a pistol.

## II.

We now address the charges of receiving stolen goods, knowing the same to have been stolen.

Henderson made timely motions for directed verdict and judgment n.o.v. on the ground that the Spartanburg County Court of General Sessions lacked jurisdiction because there was no direct evidence that the crime was committed in Spartanburg County. The trial judge ruled that the misdemeanor of receiving stolen goods was a continuing offense. He likened it to the crime of larceny. Our Supreme Court has held that larceny is committed in any county where the stolen property is found in the possession of the accused.

The judge denied both motions and instructed the jury, over timely objection, as follows:

> Now, ladies and gentlemen, a person who is accused of receiving stolen goods can be prosecuted — in other words, brought to trial — in any county in which he is found to be in possession of those goods.

We hold the giving of this charge to be reversible error. The trial judge was in error in analogizing the crime of receiving stolen goods to the crime of larceny. Larceny involves the taking and carrying away (asportation) of the property of another. Receiving stolen goods does not involve asportation, only receiving. *See* Code Section 16-13-180; *State v. Tindall*, 213 S. C. 484, 50 S. E. (2d) 188 (1948).

We have a peculiar law in this state relating to the jurisdiction of our Courts of General Sessions. Our Constitution states:

> No person shall be held to answer for any crime where the punishment exceeds a fine of two hundred dollars or imprisonment for thirty days, *unless on a presentment or indictment of a grand jury of the county where the crime shall have been committed.* . . .

S. C. CONST., art. I, sec. II (emphasis ours).

The right of a defendant in South Carolina to be tried in the county where the crime was committed is jurisdictional. *State v. McCoy*, 98 S. C. 133, 82 S. E. 280 (1914).

For the purpose of establishing jurisdiction in a criminal prosecution, it is not necessary that the county in which the crime was committed be proved affirmatively if there is sufficient evidence from which it can be inferred. *State v. Wharton*, 263 S. C. 437, 211 S. E. (2d) 237 (1975). Circumstantial evidence of venue, though slight, is sufficient to establish jurisdiction. *Id.*

In this case, there was sufficient evidence to permit the inference that Henderson received the goods in Spartanburg County. The State called as a witness L. J. Armstrong, a SLED agent who participated in Henderson's arrest. During cross examination the following testimony was elicited:

Q. All right. Mr. Armstrong, what evidence do you have that the defendant received this stolen property in Spartanburg County?

A. On his words. He, uh, — I heard him tell Jim Calhoun, with the FBI—

There was also evidence that the diesel engine was stolen in Spartanburg County and that Henderson had the goods in his possession in Spartanburg County. This circumstantial evidence, although not conclusive, supports a reasonable inference that Henderson received the goods in Spartanburg County.[1] *See State v. Frank*, 262 S. C. 526, 205 S.E. (2d) 827 (1974) (evidence that goods were stolen in Greenwood County and were in locked automobile which defendant had recently purchased in Greenwood County and had then driven to Abbeville County supported inference goods were received in Greenwood County).

Although there is evidence to support the inference ■■ that Henderson received the goods in Spartanburg County, it would be inappropriate for this Court to make such a finding. Where the crime was committed is a question of fact to be determined by the finder of fact, not by this Court on appellate review. *See Posey v. State*, 250 S. C. 55, 156 S. E. (2d) 340 (1967); *Bank of Williston v. Gamble*, 148 S. C. 49, 145 S. E. 626 (1928); *Sanders v. Commonwealth Life Ins. Co. of Kentucky*, 134 S. C. 435, 132 S. E. 828 (1926). Since the circuit judge erroneously instructed the jury that they need only find the defendant possessed the goods in Spartanburg County, we have no way of knowing whether they would have found the goods were received in

---

[1] There was evidence tending to show the stolen goods may have been at a "chop shop" in Greenville County for a period of time. From this evidence it may be inferred that Henderson received the goods in Greenville County. The mere fact that the goods may at one time have been in Greenville County does not, however, conclusively prove they were received in Greenville County. Since it, too, is based on nothing but circumstantial evidence, the inference that the goods were received in Greenville County seems no more compelling than the inference that they were received in Spartanburg County. Where either inference might be drawn, there is sufficient evidence to establish jurisdiction in Spartanburg County. *See State v. Gregg*, 230 S. C. 222, 95 S. E. (2d) 255 (1956) (where there was circumstantial evidence that death occurred in either Dillon or Marion County, jury was justified in finding manslaughter occurred in Dillon County).

Spartanburg County. Accordingly, the convictions for receiving stolen goods must be reversed and the case remanded for a new trial on those two counts.

For the reasons stated, we affirm Henderson's conviction for carrying a pistol, and reverse the convictions for receiving stolen goods.

Affirmed in part, reversed in part, and remanded.