23595

The STATE, Respondent v. Brian Franklin EVANS, Appellant.

(415 S.E. (2d) 816)

Supreme Court

*Asst. Appellate Defender Robert M. Dudek*, of *South Carolina Office of Appellate Defense*, Columbia, *for appellant*.

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.*, both of Columbia; and *Sol. John R. Justice*, of Chester, *for respondent*.

Heard Sept. 24, 1991

Decided Mar. 16, 1992.

*Per Curiam:*

Appellant alleges that the Lancaster County Court of General Sessions did not have subject matter jurisdiction to accept his guilty pleas to offenses committed in Fairfield and Chester counties. We disagree and affirm.

Appellant was indicted in Fairfield County on two counts of second degree burglary and two counts of grand larceny, and in Lancaster County on two counts of second degree burglary and three counts of grand larceny. He was also charged with second degree burglary and grand larceny in Chester County, but not indicted. Pursuant to a plea agreement with the Solicitor's Office, appellant appeared in Lancaster County, waived presentment of the Chester County indictments, and pled guilty to all of the charges. He was sentenced to imprisonment for fifteen years on each burglary count and ten years on each grand larceny count, the sentences to run concurrently.

Article I, § 11, of the South Carolina Constitution provides, in part:

No person may be held to answer for any crime the jurisdiction over which is not within the magistrate's court, unless on a presentment or indictment of a grand jury of the county where the crime has been committed. . . . The General Assembly may provide for the waiver of an indictment by the accused.

We have interpreted this provision to mean that, in the absence of an indictment by the grand jury of the county where the offense was committed or a valid waiver of presentment of indictment, the circuit court lacks subject matter jurisdiction over the offense. *State v. Beachum*, 288 S.C. 325, 342 S.E. (2d) 597 (1986); *Summerall v. State*, 278 S.C. 255, 294 S.E. (2d) 344 (1982).

In the present case, there are valid indictments or waivers of presentment on all the charges.[1] Therefore, the subject matter jurisdiction requirements of Article I, § 11 have been met.

Appellant argues, however, that the Lancaster County court did not have subject matter jurisdiction to accept his guilty pleas to the Fairfield County and Chester County charges. He bases this argument on cases which have held the right to be tried in the county where the offense was committed is jurisdictional. *See, e.g., State v. McLeod*, 303 S.C. 420, 401 S.E. (2d) 175 (1991); *Wray v. State*, 288 S.C. 474, 343 S.E. (2d) 617 (1986); *State v. Allen*, 266 S.C. 468, 224 S.E. (2d) 881 (1976); *State v. Wharton*, 263 S.C. 437, 211 S.E. (2d) 237 (1975); *State v. Wiggins*, 257 S.C. 167, 184 S.E. (2d) 697 (1971); *State v. Gasque*, 241 S.C. 316, 128 S.E. (2d) 154 (1962); *State v. Henderson*, 285 S.C. 320, 329 S.E. (2d) 448 (Ct. App. 1985).

These cases are based on a headnote appearing in *State v. McCoy*, 98 S.C. 133, 82 S.E. 280 (1914). While the headnote states the rule that the right to be tried in the county where

---

[1] It appears the written waivers of presentment may not have been executed in strict conformity with S.C. Code Ann. §§ 17-23-120 to -150 (1985). These sections, which implement the General Assembly's authority to provide for waiver of presentment of indictment under Article I, § 11, require the accused to execute a written waiver of presentment of indictment before the "clerk of court of the county having jurisdiction of such case." S.C. Code Ann. §§ 17-23-120 and -130 (1985). Appellant's written waivers of presentment of the Chester indictments were apparently executed before the clerk of court of Lancaster County rather than the clerk of court of Chester County.

The right to waive presentment is a personal right of the accused. The fact that the written waiver was not executed before the clerk of the county where the offenses were committed does not in any way affect the accused's decision to waive the right to have the indictment presented to the grand jury. While it is preferable for the waiver to be taken by the clerk of court in the county where the offenses occurred, it is our opinion that the failure to do so does not render the waiver invalid. Therefore, the waivers of presentment for the Chester County offenses are valid.

the crime occurred is jurisdictional, the opinion does not contain this holding. Instead, *McCoy* holds a criminal defendant is entitled to a directed verdict when the State fails to present evidence that the offense was committed in the county alleged in the indictment.

Although an accused has a right to be tried in the county in which the offense is alleged to have been committed, we hold this right is not jurisdictional. Instead, this right is a personal privilege of the accused, and any objection to improper venue is waived if not raised by a timely objection. 21 Am. Jur. (2d) *Criminal Law*, § 364 (1981); 1 Charles E. Torcia, *Wharton's Criminal Procedure*, § 34 (13th ed. 1989). To the extent that the cases relied upon by appellant indicate that venue is jurisdictional and cannot be waived, they are overruled.

In the present case, appellant made no objection to entering his guilty pleas to the Fairfield County and Chester County charges in Lancaster County. Therefore, any issue regarding venue in Lancaster County was waived. Accordingly, the judgment of the circuit court is

Affirmed.

GREGORY, Acting J., not participating.

