THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Quinton
 Lawrence Tobbie a/k/a Quentin Lawrence Tobbie, Appellant.
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2012-UP-039
 Submitted November 1, 2011  Filed January
25, 2012    

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Mark R. Farthing, all of Columbia; and
 Solicitor Kevin S. Brackett, of York, for Respondent.
 
 
 

PER CURIAM:  Quinton
 Lawrence Tobbie appeals his conviction for accessory after the fact, arguing
 the circuit court erred in (1) admitting two eyewitnesses' in-court
 identifications resulting from unduly suggestive confrontation procedures and
 (2) denying his motion for a directed verdict when no evidence was presented he
 was an accessory after the fact in York County.  We affirm.[1]
1.  "The admission or
 exclusion of evidence is left to the sound discretion of the [circuit] court,
 and the court's decision will not be reversed absent an abuse of discretion."  State v. Liverman, 386 S.C. 223, 233, 687 S.E.2d 70, 75 (Ct. App. 2009)
 (citation omitted).  "An abuse of discretion occurs when the decision of
 the [circuit] court is based upon an error of law or upon factual findings that
 are without evidentiary support."  Id. (citation omitted). 
 "[W]hether an eyewitness identification is
 sufficiently reliable is a mixed question of law and fact."  State
 v. Moore, 343 S.C. 282, 288, 540 S.E.2d 445, 448 (2000).  "In
 reviewing mixed questions of law and fact, where the evidence supports but one
 reasonable inference, the question becomes a matter of law for the
 court."  Id. (citation omitted).
When assessing the
 admissibility of an eyewitness identification, "the primary evil to be
 avoided is 'a very substantial likelihood of irreparable
 misidentification.'"  Neil v. Biggers, 409 U.S. 188, 198 (1972)
 (quoting Simmons v. United States, 390 U.S. 377, 384 (1968)).  An unduly
 or unnecessarily suggestive procedure may deprive a defendant of due process of
 law.  State v. Turner, 373 S.C. 121, 127, 644 S.E.2d 693, 696 (2007)
 (citation omitted).  However, "the admission of evidence of [an
 unnecessarily suggestive procedure] without more does not violate due
 process."  Biggers, 409 U.S. at 198.  
Accordingly, a court must
 apply a two-prong test.  Moore, 343 S.C. at 287, 540 S.E.2d at 447. 
 First, it must determine whether the confrontation procedure used by the police
 was unduly suggestive.  Id.  Only if the procedure was unduly suggestive
 must a court focus on the second prong:  whether "'under [the totality of]
 the circumstances the identification was reliable notwithstanding any
 suggestive procedure.'"  Id. at 287, S.E.2d at 447-48 (citation
 omitted).  Factors to consider in "evaluating the likelihood of a
 misidentification" include the following:

 [T]he
 opportunity of the witness to view the criminal at the time of the crime, the
 witness'[s] degree of attention, the accuracy of the witness'[s] prior description
 of the criminal, the level of certainty demonstrated by the witness at the
 confrontation, and the length of time between the crime and the confrontation.

Biggers, 409 U.S. at 199-200; see also Turner,
 373 S.C. at 127, 644 S.E.2d at 696-97.
Here, the circuit court
 admitted two in-court eyewitness identifications of Tobbie after finding the
 confrontation procedures, both one-man show-ups, were unduly suggestive.  We
 find the first identification, made by a convenience store employee, to be sufficiently
 reliable under the Biggers analysis.  Initially, we note Tobbie's statement
 to law enforcement that he was present during the crime shows an absence of
 prejudice and unlikelihood of misidentification.  Regardless, the employee,
 first, had the opportunity to observe Tobbie on two occasions: as he entered
 the store and as he was getting into the backseat of a car.  The employee
 testified she got a good look at Tobbie at the well-lit gas station as she
 checked the trashcans outside.  Specifically, she testified she was suspicious
 of Tobbie and his codefendant because his codefendant would not make eye
 contact with her.  Second, she claimed she was "99 percent sure"
 Tobbie was at the gas station with his codefendant when she identified him
 "a little while" later.  Finally, her testimony of the suspect's
 features observed by her at the gas station were consistent with Tobbie's despite
 the fact he was wearing a different shirt when he was apprehended.
Furthermore, we find the
 issue as to the reliability of the second identification, made by the victim's
 friend, unpreserved because of Tobbie's failure to make a contemporaneous
 objection.  See State v. Burton, 326 S.C. 605, 609, 486 S.E.2d
 762, 764 (Ct. App. 1997).
2.  An appellate court reviews the
 denial of a directed verdict by viewing the evidence and all reasonable
 inferences in the light most favorable to the State.  State v. Weston,
 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006).  "If there is any direct
 evidence or any substantial circumstantial evidence reasonably tending to prove
 the guilt of the accused, [an appellate court] must find the case was properly
 submitted to the jury."  Id. at 292-93, 625 S.E.2d at 648.  The
 circuit court may not consider the weight of the evidence.  Id. at 292,
 625 S.E.2d at 648.  Additionally, a motion for a
 directed verdict must be granted if the State fails to present evidence venue
 was proper.  State v. Evans, 307 S.C. 477, 480, 415 S.E.2d 816, 818
 (1992) ("[A] criminal defendant is entitled to a directed verdict when the
 State fails to present evidence that the offense was committed in the county
 alleged in the indictment.") (citing State v. McCoy, 98 S.C. 133,
 82 S.E. 280 (1914))), overruled in part by State v. Gentry, 363
 S.C. 93, 610 S.E.2d 494 (2005).
Here, the State presented
 evidence the principal felonies, attempted armed robbery and assault and
 battery with intent to kill, were committed in York County.  Because an
 accessory after the fact may be indicted and tried in the county where the
 principal felony was committed, we find the circuit court did not err in
 submitting the charge to the jury.  S.C. Code Ann. § 17-21-60 (2003).
AFFIRMED.
FEW, C.J.,
 THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.