**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Dominique Lavar Williams, Appellant.

Appellate Case No. 2014-001617

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

Unpublished Opinion No. 2016-UP-484
Heard October 12, 2016 – Filed November 23, 2016

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

**PER CURIAM:** Dominique Williams appeals his conviction for unlawfully carrying a handgun, arguing the trial court erred in (1) failing to suppress the gun,

(2) failing to grant a directed verdict, and (3) defining "carrying about the person" and providing an exception to unlawful carrying in its jury charge. We affirm.

One evening, while patrolling a nightclub parking lot in North Charleston, officers observed what they believed to be a gun lying in the center space between the driver and passenger seats of a car. The officers did not witness the driver of the car. Assuming the car's occupants were inside the nightclub, the officers hid and waited for the owner of the vehicle to return. Approximately one hour later, Williams and his friend returned to the car. As Williams began opening the driver-side door, the officers emerged, drew their firearms, and placed Williams under arrest for the unlawful carrying of a firearm.

1.   We find the trial court properly admitted the gun. *See State v. Wright*, 391 S.C. 436, 443, 706 S.E.2d 324, 327 (2011) ("Under the 'plain view' exception to the warrant requirement, objects falling within the plain view of a law enforcement officer who is rightfully in a position to view the objects are subject to seizure and may be introduced as evidence." (quoting *State v. Beckham*, 334 S.C. 302, 317, 513 S.E.2d 606, 613 (1999))); *id.* ("[T]he two elements needed to satisfy the plain view exception are: (1) the initial intrusion which afforded the authorities the plain view was lawful and (2) the incriminating nature of the evidence was immediately apparent to the seizing authorities.").

2.   We find the trial court's denial of the directed verdict was proper. *See State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("When reviewing a denial of a directed verdict, [an appellate court] views the evidence and all reasonable inferences in the light most favorable to the [S]tate."); *see also State v. Larmand*, 415 S.C. 23, 32, 780 S.E.2d 892, 896 (2015) ("[O]ur duty is not to weigh the plausibility of the parties' competing explanations. Rather, we must assess whether, in the light most favorable to the State, there was substantial circumstantial evidence from which the jury could infer [the defendant]'s guilt."); *State v. Henderson*, 285 S.C. 320, 322, 329 S.E.2d 448, 450 (Ct. App. 1985) (noting the lawful locations for a handgun in a vehicle articulated by the statute and then concluding that because the gun at issue was not found in any of those locations, the evidence supported the conviction), *overruled on other grounds by State v. Evans*, 307 S.C. 477, 415 S.E.2d 816 (1992). Further, we find sufficient circumstantial evidence existed for the jury to find the gun was about Appellant's person when Appellant began to open the driver-side door and the gun was lying in

the center space between the driver and passenger seats of the car.[1]  *See* S.C. Code Ann. § 16-23-20 (2015) ("It is unlawful for anyone to carry about the person any handgun, whether concealed or not."); *Ensor v. State*, 403 So. 2d 349, 354 (Fla. 1981) ("The term 'on or about the person' means physically on the person or readily accessible to him.  This generally includes the interior of an automobile and the vehicle's glove compartment, whether or not locked."); *People v. Niemoth*, 152 N.E. 537, 537 (Ill. 1926) ("'About his person' means sufficiently close to the person to be readily accessible for immediate use."); *Jefferson v. State*, 4 A.3d 17, 31 (Md. Ct. Spec. App. 2010) ("A weapon is 'about' a person if it is 'in such proximity . . . as would make it available for [ ] immediate use.'" (alterations in original) (quoting *Corbin v. State*, 206 A.2d 809, 812 (Md. 1965))); *State v. Saccomano*, 355 N.W.2d 791, 792 (Neb. 1984) ("A weapon is concealed on or about the person if it is concealed in such proximity to the driver of an automobile as to be convenient of access and within immediate physical reach."); *Hunter v. Commonwealth*, 690 S.E.2d 792, 798–99 (Va. Ct. App. 2010) ("[T]he only possible meaning for the phrase 'about his person' must be that the firearm is 'so connected with the person as to be readily accessible for use or surprise if desired.'" (quoting *Sutherland v. Commonwealth*, 65 S.E. 15, 15 (Va. 1909))); *id.* at 799 ("'Judicial use of the term "readily" simply recognizes that the availability contemplated by the statute means "in a ready manner" or "without much difficulty. . . ."'  [W]e have no doubt that the accessibility . . . depends significantly on the location of the weapon in relation to the accused.  Contrary to Hunter's argument, the phrase 'about his person' has never *required* actual possession." (internal citation omitted) (quoting *Watson v. Commonwealth*, 435 S.E.2d 428, 430 (Va. Ct. App. 1993))).

3.    We find Appellant failed to preserve his argument regarding an erroneous jury instruction.  *See State v. Williams*, 303 S.C. 410, 411, 401 S.E.2d 168, 169 (1991) ("A defendant must object at his first opportunity to preserve an issue for appellate review."); *State v. Geer*, 391 S.C. 179, 193, 705 S.E.2d 441, 448 (Ct. App. 2010) ("It is well settled that an issue may not be raised for the first time in a post-trial motion." (quoting *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007))); *see also State v. Taylor*, 399 S.C. 51, 64, 731 S.E.2d 596, 603 (Ct. App. 2012) (finding an issue unpreserved when the appellant raised the issue for the first time at the post-trial motion hearing).

---

[1] While this case gives us pause, the technical legal conclusion from the application of the unlawful carrying statute—whose enactment is within the wisdom of the General Assembly and outside the province of this court—is that a violation of law occurred.

**AFFIRMED.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**