# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Petitioner,

v.

Russell Levon Johnson, Respondent.

Appellate Case No. 2021-000425

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Marion County
William H. Seals Jr., Circuit Court Judge

---

Opinion No. 28150
Heard September 14, 2022 – Filed April 19, 2023

---

## REVERSED

---

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, and Solicitor Edgar Lewis Clements III, of Florence, for Petitioner.

Lara Mary Caudy, of Columbia, for Respondent.

---

**JUSTICE JAMES:** Respondent Russell Levon Johnson was indicted in Marion County on charges of kidnapping and criminal domestic violence in the first degree. The events leading to the indictment began in Marion County and progressed over the course of approximately thirteen hours into Dillon and Marlboro Counties, then

back to Marion County. The trial court admitted evidence of Johnson's alleged acts of domestic violence in Dillon and Marlboro Counties and denied Johnson's request for a limiting instruction. Johnson was acquitted of kidnapping but was convicted of criminal domestic violence in the first degree. The court of appeals reversed Johnson's conviction, holding the trial court erred in failing to issue a limiting instruction. *State v. Johnson*, 432 S.C. 652, 855 S.E.2d 305 (Ct. App. 2021). We reverse the court of appeals and reinstate Johnson's conviction.

## I.

Johnson dated and lived with Tonya Richburg (Victim) for four years. In 2016, the couple separated, and Victim moved to Marion County. Shortly thereafter, Johnson came to Victim's home unannounced. Johnson said he wanted to talk and asked if Victim would ride to the store with him. Victim agreed. When Victim's phone rang during the drive, Johnson took the phone and removed its battery. Johnson also removed the battery from his phone and told Victim, "You don't have to worry about this phone because nobody's gone get in contact with you or me."

Victim asked Johnson to take her home. Johnson refused and told Victim they were going to Dillon so he could get some wine. Johnson eventually stopped at a wooded area in Dillon County. There, Johnson accused Victim of stealing from him and cheating on him. When Victim denied these accusations, Johnson drove to a nearby store. He purchased a beer and drove into Marlboro County, drinking and snorting cocaine along the way.

Once in Marlboro County, Johnson stopped in another wooded area. He retrieved a "long metal stick" from his trunk and proceeded to stab Victim. He then pulled Victim from the car, threw her on the ground, and began kicking and punching her. Johnson also struck Victim in the back of the head with a hammer. When Victim continued to deny Johnson's accusations, he put her in the car and drove back to Marion County.

During the drive, Johnson stopped for Victim to use the bathroom. He made another stop to buy more beer and a bandage for Victim's arm. When Johnson offered to take Victim to the hospital, Victim refused because she did not want to get him in trouble. Finally, Johnson stopped at a motel in Marion County. He went inside to reserve a room, and Victim remained in the car. At no point did Victim try to escape or find help.

In the motel room, Victim asked Johnson to help clean the blood on her arm. Johnson replied, "No . . . . this is gone be your last night here." Johnson then left to

retrieve a bottle of Windex and set of gloves from his car. When he returned, Johnson stood behind Victim and tried to "pop" her neck. He told Victim, "Tonight is going to be your last night here. And when I kill you, I gone turn around and kill myself." Unsuccessful in his attempt to break Victim's neck, Johnson snorted more cocaine, laid down on the bed, and passed out. Victim ran to the nearest motel room and asked for help. When the occupants said they were calling the police, Victim ran because she did not want Johnson to get in trouble. As she was running, Victim encountered a police officer, who summoned an ambulance. Victim was transported to a nearby hospital, underwent surgery for a broken arm, and was hospitalized for two days.

Johnson was indicted in Marion County for kidnapping and criminal domestic violence in the first degree. Johnson moved in limine to exclude any evidence of domestic violence occurring in Dillon and Marlboro Counties, claiming the trial court lacked "jurisdiction" to hear allegations from other counties. Citing *State v. Ziegler*,[1] the State argued evidence of Johnson's acts in Dillon and Marlboro Counties was admissible as part of the res gestae of the Marion County kidnapping. The State contended any undue prejudice could be prevented by a jury instruction limiting the evidence to prove kidnapping. Johnson replied, "I'm not going to withdraw my objection or my motion, but certainly if you allow all this stuff in, then certainly I would request a charge." The trial court took the issue under advisement and trial began. During Victim's testimony, the trial court ruled:

> I'm going to allow events that happened in other counties only to prove kidnapping. Otherwise, I'm going to give a clear charge that to prove domestic violence in this case, it must be from evidence that happened in Marion County. Any of the domestic violence acts that happened in another county can only pertain to kidnapping and not domestic violence. And I'll flesh that out in much greater detail before we charge.

Victim proceeded to testify, over Johnson's renewed objection, about Johnson's acts in Dillon and Marlboro Counties. Victim testified she never attempted to escape because it was dark, she was scared, and she did not know where she was.

After the State rested, the trial court sua sponte decided not to give a limiting instruction. Citing South Carolina Code sections 17-21-10 and -20 (2014); *State v. Allen*, 266 S.C. 468, 224 S.E.2d 881 (1976), *overruled on other grounds by State v.*

---

[1] 274 S.C. 6, 260 S.E.2d 182 (1979), *overruled on other grounds by Joseph v. State*, 351 S.C. 551, 571 S.E.2d 280 (2002).

*Evans*, 307 S.C. 477, 415 S.E.2d 816 (1992); and *State v. Gethers*, 269 S.C. 105, 236 S.E.2d 419 (1977), the trial court found that venue was proper in Marion County and a limiting instruction was unnecessary. Johnson objected to this ruling.

Johnson offered no evidence, so the trial proceeded to closing arguments. The State argued Johnson's acts in Dillon and Marlboro Counties gave context to his acts in Marion County and to Victim's decision not to flee. The trial court did not give a limiting instruction during its jury charge. When the trial court asked if either party objected to the charge, Johnson replied he did not. Johnson was acquitted of kidnapping but was convicted of criminal domestic violence in the first degree.

During oral argument before the court of appeals, Johnson conceded evidence of his acts in Dillon and Marlboro Counties was admissible as part of the res gestae of the alleged Marion County kidnapping; however, Johnson argued he was entitled to the limiting instruction that the trial court initially ruled was proper. Johnson also argued then, as he does now, that the evidence from Dillon and Marlboro Counties was not admissible as part of the res gestae of the Marion County domestic violence. He contended that even if the evidence were admissible as to the Marion County domestic violence, he was entitled to a limiting instruction. Johnson argued the trial court's errors were prejudicial because it is impossible to determine whether the jury convicted him of domestic violence based on his acts in Marion County or his acts in Dillon and Marlboro Counties. The State argued Johnson failed to preserve this issue for appeal. Specifically, the State argued Johnson (1) did not seek a ruling that the evidence was "unduly prejudicial" and (2) did not, after the jury charge, object to the trial court's failure to give a limiting instruction. The State argued that even if the issue were preserved, the trial court properly admitted the evidence as part of the res gestae of the alleged Marion County kidnapping.

The court of appeals reversed Johnson's conviction and remanded for a new trial on the domestic violence charge. *Johnson*, 432 S.C. at 661, 855 S.E.2d at 309. The court of appeals held Johnson preserved his request for a limiting instruction by objecting to the trial court's final ruling that a limiting instruction was not required. The court of appeals held it was unnecessary for Johnson to renew his objection at the end of the jury charge because "the issue regarding the limiting instruction was clearly before the circuit court and was finally ruled upon on the record." *Id.* at 657, 855 S.E.2d at 307-08.

On the merits, the court of appeals held sections 17-21-10 and -20 were inapplicable because venue was uncontested and Victim's injuries were non-fatal. The court of appeals distinguished *Allen* and *Gethers*, ultimately reverting to the trial

court's initial ruling that *Ziegler* controls.[2]  Looking to the prejudice analysis in *Ziegler*, the court of appeals concluded, "[T]he circuit court erred in not giving a limiting instruction to mitigate the prejudice to Johnson and ensure the jury found Johnson's conduct in Marion County established his guilt on the domestic violence charge."  *Id.* at 659, 855 S.E.2d at 309.  Finally, the court of appeals held the trial court's failure to give a limiting instruction was not harmless.  We granted the State's petition for a writ of certiorari.

## II.

The State makes several interrelated issue preservation arguments, all of which we must address, and all of which we reject.  "In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial judge."  *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003); *see I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000); Rule 220(b), SCACR.  A party "need not use the exact name of a legal doctrine in order to preserve [the issue], but it must be clear that the argument [was] presented on that ground."  *Dunbar*, 356 S.C. at 142, 587 S.E.2d at 694; *see Herron v. Century BMW*, 395 S.C. 461, 466, 719 S.E.2d 640, 642 (2011).

We first address the State's argument that Johnson did not preserve the issue of whether the evidence from Dillon and Marlboro Counties was admissible as part of the res gestae of the Marion County domestic violence.  The State's preservation argument on this point is curious, as the State insisted at trial that it sought to introduce the evidence <u>only</u> on the issue of kidnapping.  Only now does the State contend the evidence was also admissible as part of the res gestae of the Marion County domestic violence.  That issue is preserved.  Although Johnson couched his initial motion to exclude the evidence from Dillon and Marlboro Counties in the context of "jurisdiction," it is clear Johnson objected to the admissibility of that evidence.  Johnson repeatedly argued the jury would not be able to "separate out" what happened in Dillon and Marlboro Counties from what happened in Marion County.  These statements were also an objection to the admissibility of the evidence as to the Marion County domestic violence.

---

[2] According to the court of appeals, "Johnson attacked [Victim] in the woods in Marlboro County, stabbing her and hitting her with a hammer.  Sometime later, he attempted to 'pop' her neck in Marion County—two separate acts much like the sexual assaults in *Ziegler*."  *Id.* at 659, 855 S.E.2d at 308-09.

The State argues Johnson did not base his objection "on the ground the evidence would be unduly prejudicial." We accept the State's argument as a veiled—but incomplete—reference to Rule 403, SCRE. Rule 403 provides relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" or by other considerations set forth in the rule. Even the solicitor understood Johnson's objection when the solicitor stated, "I think right now what [Johnson is] essentially saying is this is some type of [Rule] 403 analysis . . . ." Johnson argued to the trial court at least four times that the jury would not be able to "separate out" what happened in Dillon and Marlboro Counties from what happened in Marion County. Johnson was essentially arguing the jury would be confused or misled and that he would suffer unfair prejudice as a result. While perhaps Johnson did not articulate the nuances of Rule 403 as clearly as he should have, the issue was before the trial court. After further discussion, the trial court stated, "[W]hy don't we get going [with the trial] and that will give me a little time to think about it." At this point, the issues before the trial court were (1) whether the evidence from Dillon and Marlboro Counties was part of the res gestae of the alleged kidnapping and domestic violence in Marion County; (2) whether that evidence should be excluded under Rule 403; and (3) if the evidence was admissible, whether a limiting instruction was required.

The trial commenced, and the State called Victim as its first witness. When Victim was questioned about what happened in Dillon and Marlboro Counties, Johnson renewed his objection. The trial court overruled Johnson's objection and stated the evidence would be admitted "only to prove kidnapping." The trial court then stated it would give a "clear charge that to prove domestic violence in this case it must be from evidence that happened in Marion County." The trial court concluded the ruling by stating it would "flesh [the instruction] out in much greater detail" before charging the jury. At that point, the admissibility of the evidence from Dillon and Marlboro Counties—as to both the threshold question of whether it was proper res gestae evidence and the secondary question of whether it should be excluded under Rule 403—was raised to and ruled upon by the trial court. The Rule 403 issue is therefore preserved.

The State next contends Johnson has not preserved the issue of whether he was entitled to a limiting instruction. We disagree. First, when the admissibility issue was discussed during trial, defense counsel stated that if the trial court overruled his objection to the admissibility of the evidence, he wanted a limiting instruction. Second, as noted, Johnson unsuccessfully objected when the trial court later decided not to give a limiting instruction. Johnson could not argue the matter further because it was apparent the trial court had reconsidered the issue and made a

final ruling. *See* Rule 18(a), SCRCrimP ("Counsel shall not attempt to further argue any matter after he has been heard and the ruling of the court has been pronounced.").

The only thing that transpired after the trial court rescinded its initial ruling was the court's questioning of Johnson as to whether he understood his right to testify or remain silent. Johnson introduced no evidence, the parties gave their closing arguments, and the trial court charged the jury. The State also argues the issue of a limiting instruction is not preserved because Johnson stated he had no objection to the trial court's charge to the jury. Keeping in mind this Court "approach[es] issue preservation rules with a practical eye and not in a rigid, hyper-technical manner[,]" *Herron*, 395 S.C. at 470, 719 S.E.2d at 644, we agree with the court of appeals that "the issue regarding the limiting instruction was clearly before the circuit court and was finally ruled upon on the record." *Johnson*, 432 S.C. at 657, 855 S.E.2d at 308-09. Johnson's failure to renew his request for a limiting instruction at the end of the jury charge is inconsequential. *See State v. Johnson*, 333 S.C. 62, 64 n.1, 508 S.E.2d 29, 30 n.1 (1998) (reciting "the long-standing rule that where a party requests a jury charge and, after opportunity for discussion, the trial judge declines the charge, it is unnecessary, to preserve the point on appeal, to renew the request at [the] conclusion of the court's instructions").

## III.

Johnson concedes evidence of his acts in Dillon and Marlboro Counties was admissible as part of the res gestae of the Marion County kidnapping (of which he was acquitted). However, Johnson argues that evidence was not admissible as part of the res gestae of the Marion County domestic violence. We disagree.

"The res gestae theory recognizes evidence of other bad acts may be an integral part of the crime with which the defendant is charged or may be needed to aid the fact finder in understanding the context in which the crime occurred." *State v. King*, 334 S.C. 504, 512, 514 S.E.2d 578, 582 (1999) (cleaned up); *see State v. Wood*, 362 S.C. 520, 528, 608 S.E.2d 435, 439 (Ct. App. 2004). In *State v. Adams*, this Court quoted in its entirety the Fourth Circuit's description of the res gestae theory:

> One of the accepted bases for the admissibility of evidence of other crimes arises when such evidence "furnishes part of the context of the crime" or is necessary to a "full presentation" of the case, or is so intimately connected with and explanatory of the crime charged against the defendant and is so much a part of the setting of the case and its "environment" that its proof is appropriate in order "to complete the

story of the crime on trial by proving its immediate context or the 'res gestae'" or the "uncharged offense is 'so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other . . .' [and is thus] part of the res gestae of the crime charged." And where evidence is admissible to provide this "full presentation" of the offense, "[t]here is no reason to fragmentize the event under inquiry" by suppressing parts of the "res gestae."

322 S.C. 114, 122, 470 S.E.2d 366, 370-71 (1996) (alterations in original) (quoting *United States v. Masters*, 622 F.2d 83, 86 (4th Cir. 1980)), *overruled on other grounds by State v. Giles*, 407 S.C. 14, 754 S.E.2d 261 (2014). As this excerpt indicates, "it is important that the temporal proximity of the prior bad act be closely related to the charged crime." *Wood*, 362 S.C. at 528, 608 S.E.2d at 439; *King*, 334 S.C. at 513, 514 S.E.2d at 583; *see Adams*, 322 S.C. at 122, 470 S.E.2d at 371.

We hold evidence of Johnson's acts in Dillon and Marlboro Counties most definitely "furnishes part of the context" of the Marion County domestic violence, "is necessary to a 'full presentation' of the case," and "is so much a part of the setting of the case . . . that its proof is appropriate in order 'to complete the story'" of what occurred in the Marion County motel room. *Adams*, 322 S.C. at 122, 470 S.E.2d at 370-71 (quoting *Masters*, 622 F.2d at 86). "[T]here is no reason to fragmentize the . . . inquiry" by excluding evidence of Johnson's actions in Dillon and Marlboro Counties. *Id.* at 122, 470 S.E.2d at 371 (quoting *Masters*, 622 F.2d at 86). The requirement of temporal proximity has clearly been met, as the evidence adduced at trial established an unbroken thirteen-hour timeline of violence perpetrated by Johnson upon Victim, culminating in Johnson's attempt to break Victim's neck in the Marion County motel room.

We also affirm the trial court's decision not to exclude the evidence under Rule 403. *See State v. Dennis*, 402 S.C. 627, 636, 742 S.E.2d 21, 26 (Ct. App. 2013) ("[E]vidence considered for admission under the res gestae theory must satisfy the requirements of Rule 403 of the South Carolina Rules of Evidence."). The significant probative value of Johnson's acts in Dillon and Marlboro Counties was not substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or any other consideration pertinent to a Rule 403 analysis. While there are surely cases in which res gestae evidence would not survive a Rule 403 analysis, this case is not one of them.

**IV.**

Finally, we hold that under our caselaw, Johnson was not entitled to a limiting instruction. In *State v. Johnson*, the defendant was tried in Jasper County for the murder of a state trooper. 306 S.C. 119, 122, 410 S.E.2d 547, 550 (1991). The defendant—a hitchhiker—was picked up in North Carolina by Dan Swanson, who was driving a recreational vehicle (RV). Swanson soon picked up two more hitchhikers. In Clarendon County, the defendant shot and killed Swanson, stole his jewelry, wrapped his body in a sheet, and concealed his body under a mattress in the back of the RV. The defendant and the other two hitchhikers continued down Interstate 95. One of the hitchhikers testified the defendant told them that if they were stopped on the highway by a police officer, he would kill the officer to prevent the discovery of Swanson's body. As the defendant drove erratically through Jasper County, Trooper Bruce Smalls initiated a traffic stop. The defendant shot and killed Trooper Smalls during the stop. At trial, the State introduced evidence of Swanson's murder in Clarendon County "to establish [the defendant's] motive and intent to kill Trooper Smalls" in Jasper County. *Id.* at 125, 410 S.E.2d at 551. The trial court admitted the evidence of Swanson's murder as part of the res gestae of Trooper Smalls' murder. The trial court denied the defendant's request for a limiting instruction that the jury could consider evidence of Swanson's murder only as to the defendant's motive for killing Trooper Smalls. We noted,

> The general rule is that when evidence of other crimes is admitted for a specific purpose, the judge is required to instruct the jury to limit their consideration of this evidence for the particular purpose for which it is offered. The reasoning behind this rule is to protect against a jury convicting a defendant just because he has committed other crimes and not because it has been proven that he is guilty of the crime for which he is accused.

> An exception to this general rule is . . . . that a limiting instruction is unnecessary where "evidence of the other crime is admissible on the main issue or where the evidence admitted to show motive or intent is of acts which may well be supposed to have been done in furtherance of such motive or intent." . . . . "Evidence which has a direct bearing on, or relation to the commission of, the crime itself, so as to form part of the res gestae, is admissible without limiting instructions."

*Id.* at 126, 410 S.E.2d at 552 (cleaned up) (quoting *State v. Nix*, 288 S.C. 492, 498, 343 S.E.2d 627, 630 (Ct. App. 1986)). We concluded the evidence of Swanson's murder formed part of the res gestae of Trooper Smalls' murder and held a limiting instruction was not required. We see no reason to depart from *Johnson* and *Nix* in

this case, and we hold the trial court did not err in denying Johnson's request for a limiting instruction.

## V.

Evidence of Johnson's acts in Dillon and Marlboro Counties was admissible as part of the res gestae of both the alleged Marion County kidnapping and the Marion County domestic violence. Even though Johnson preserved the issue of a limiting instruction, he was not entitled to one. Therefore, we reverse the court of appeals and reinstate Johnson's conviction.[3]

**REVERSED.**

**BEATTY, C.J., KITTREDGE, J., and Acting Justice Kaye G. Hearn, concur. FEW, J., dissenting in a separate opinion.**

---

[3] Because indictment insufficiency and subject matter jurisdiction are not issues in this case, the court of appeals' reliance on *Ziegler* is misplaced.

**JUSTICE FEW:** I respectfully dissent. I would hold the court of appeals was correct to reverse Johnson's conviction for domestic violence, even if—as the majority explains—it did so for the wrong reason. I would affirm the court of appeals as modified.

As I read the pretrial dialogue between Johnson and the trial court, Johnson was attempting to raise two issues concerning the events that occurred in Dillon and Marlboro Counties. First, Johnson was attempting to exclude evidence of what happened in the other counties. Second, he was attempting to enforce the general principle of venue that a defendant may be convicted only for acts that occurred in the county in which the case is being tried. *See State v. Perez*, 311 S.C. 542, 545, 430 S.E.2d 503, 504 (1993) ("An accused has a right to be tried in the county in which the offense allegedly was committed." (citing *State v. Evans*, 307 S.C. 477, 480, 415 S.E.2d 816, 818 (1992))); *Evans*, 307 S.C. at 480, 415 S.E.2d at 818 (clarifying "this right is not jurisdictional"), *overruled as to a separate issue by State v. Gentry*, 363 S.C. 93, 106, 610 S.E.2d 494, 502 (2005). The trial court initially understood there were two issues, indicating as to the first issue that he would allow the evidence in, and then stating as to the second issue, "I'm going to give a clear charge that to prove domestic violence in this case it must be from evidence that happened in Marion County." Over the course of the trial, however, Johnson and the trial court conflated the two issues. By the time the trial court changed its mind about giving an instruction, the court was focused only on whether the evidence it had admitted required the type of "limiting instruction" discussed by the majority. In concluding—correctly—it was not required to give such an instruction, the court incorrectly ruled as to the second issue "that if the elements of the offense took place in more than one county[,] each county has concurrent jurisdiction."

On the first issue, there is no doubt the evidence of what Johnson did to his victim in Dillon and Marlboro Counties was admissible in his trial for crimes committed in Marion County. As the majority explains well, the trial court was correct to admit all the evidence. The majority is also correct that—as to this evidence—there was no requirement for a "limiting instruction." Thus, for purposes of determining whether Johnson committed the crime for which he was indicted—domestic violence in Marion County—the jury was free to use evidence of what he did in the other counties for any purpose it wanted, except one—which brings me to the second issue.

On the second issue, however, it was necessary for the trial court to tell the jury it could convict Johnson only for the Marion County crimes. The Marion County jury must not have been permitted to convict Johnson for crimes he committed in Dillon or Marlboro Counties. Thus, the one purpose for which the jury could not use

Johnson's actions in the other counties was to find him guilty of domestic violence for those actions. The trial court refused to tell the jury this because it erroneously concluded "each county has concurrent jurisdiction." In other words, the trial court erroneously ruled that Johnson may be convicted in Marion County for stabbing the victim in Marlboro County with a "long metal stick." For this error, Johnson is entitled to a new trial.